CITY OF ABILENE v. CORNELL UNIVERSITY.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1902.)

No. 1,662.

1. SUFFICIENCY OF PLEADING—EFFECT OF WAIVER OF OBJECTION.

Where an objection to an answer pleading the defense of res judicata was waived by plaintiff by failing to demur, and the only objection made to the evidence introduced in support of such defense was the general one that it was "incompetent, immaterial, and irrelevant," it was error for the court, after the cause had been finally submitted and taken under advisement, to reject such evidence, and to determine the cause without passing upon such defense, on the ground that it was not sufficiently pleaded.

2. RES JUDICATA—SUFFICIENCY OF PLEA.

The answer, in an action on municipal bonds, set up in bar a former judgment rendered in an action brought on coupons from the same bonds, which adjudged the bonds to be illegal and void. It alleged that the bonds and coupons were owned at that time by the present plaintiff, which delivered them to an agent, with instructions to collect the same; that they were assigned by such agent without consideration, and for the sole purpose of having suit brought thereon to a third person, in whose name the litigation was conducted; but that plaintiff remained at all times the actual owner thereof. *Held*, that such plea was sufficient notwithstanding the failure to expressly allege that the assignment was by the authority or with the consent of plaintiff, such fact being fairly inferable from the other facts pleaded.

3. PROCEEDINGS IN ERROR—REMAND ON REVERSAL—ISSUES NOT DETERMINED BELOW.

Where an issue was not determined by the trial court, which erroneously ruled that it was not within the pleadings, it will not be determined by the appellate court on a writ of error, but the cause will be remanded for a new trial.

In Error to the Circuit Court of the United States for the District of Kansas.

C. F. Mead and J. R. Young, for plaintiff in error.

Charles B. Wood and Horace S. Oakley, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. This action was instituted by Cornell University, the defendant in error, against the city of Abilene, Kan., the plaintiff in error, on certain bonds, 10 in number, which were executed and delivered by the defendant city on July 2, 1888, and became due and payable 10 years thereafter. The plaintiff claimed to be an innocent purchaser of the bonds, for value and before maturity, from

H. C. Speer, to whom "or bearer" the bonds were originally made payable. The answer which was interposed by the defendant city contained a denial of certain allegations of the complaint and certain special defenses, among others a plea that the matter in issue was res judicata.

The latter plea averred, in substance, that in the year 1895 one John W. Edminson brought an action against the defendant city in the district court of Dickinson county, Kan., founded upon 60 coupons attached to the very bonds now in suit; that to said action, so brought in the state court, the defendant city appeared and pleaded the invalidity of the bonds for the same reasons that are assigned in other special defenses to the present action; that said former action was duly tried and determined in the state court, and resulted in an adjudication that the bonds in suit were null and void, and that such judgment remained in full force and effect and had become final prior to the commencement of the present action. The plea further averred that at the time Edminson brought said former action the present plaintiff, Cornell University, was the real and true owner of the coupons sued upon and of the bonds to which they were attached; that said bonds and the coupons so sued upon by said Edminson were delivered by Cornell University to N. W. Harris or N. W. Harris & Company, with instructions to collect the same; that they were assigned by said Harris to the said Edminson, without consideration, for the sole purpose of bringing a suit thereon in the name of Edminson; and that Cornell University remained the actual owner and holder thereof during all the time said former action was pending and at the time the judgment therein was rendered, and that by reason of such facts the right of the plaintiff to maintain the present action had become res judicata.

The reply to this plea was a general denial, no demurrer thereto having at any time been interposed. A stipulation was subsequently filed waiving a jury, and a further stipulation admitting that the coupons described in the suit of Edminson against the city of Abilene were coupons belonging to the 10 bonds sued upon in the present action. When the case was reached for trial the defendant city offered in evidence the "case made" in Edminson against the city of Abilene, the same being a complete record of all the pleadings and evidence in that case as made up for the purpose of obtaining a review in the supreme court of Kansas of the judgment at nisi prius in that case. When this offer was made the record now before this court recites that it was "agreed in open court by the plaintiff and the defendant that all the evidence and testimony contained in said 'case made' shall be treated and regarded as having been offered in evidence in this trial to the same extent as if the witnesses had been sworn and testified therein, and each and all of the written instruments had been specially introduced in evidence herein, all objection to the same being copies and not originals being hereby expressly waived; objection being made by the plaintiff only that the same, if so properly offered and presented, would be incompetent, immaterial, and irrelevant."

The case having been submitted on the aforesaid evidence, and on certain depositions which were offered for the purpose of showing the

relations that existed between Edminson and Cornell University when the former action was brought, the court took the case under advisement for some days. It afterwards rendered a judgment in favor of the plaintiff and against the city of Abilene on the sole ground, as appears from the opinion of the trial court which has been incorporated into the record, "that the answer of the city in this case does not sufficiently allege a defense of res adjudicata." The trial court held, as it seems, that the plea of res judicata did not sufficiently aver that Harris had authority to assign the bonds and coupons to Edminson; that it did not appear that Edminson, in bringing the former suit, was the agent or representative of Cornell University, but that it did appear that in bringing such action he was a mere interloper, and that his action in bringing the suit was neither authorized nor ratified by the plaintiff. On this ground, that no privity was alleged to exist between the university and Edminson, it was ruled that the judgment in the former case was not binding upon the university, and would not estop it from maintaining the present action.

Such action on the part of the trial court was clearly erroneous, operating, as it did, as a surprise to counsel for the defendant city, who obviously had no reason to anticipate such action. The sufficiency of the plea had not been challenged by demurrer, nor was it challenged when the record in the former suit was offered in evidence, in any such way as to advise any one that the objection to the evidence was grounded on any formal defect in the plea; such, for example, as the defect suggested by the trial judge, that the plea did not, in express terms, allege that Harris acted with the sanction and approval of the university in turning the bonds and coupons over to Edminson to be sued upon in his own name. Counsel for the plaintiff below do not seem to have urged this defect at any time during the progress of the trial, but it was pointed out for the first time by the trial judge in rendering judgment, and at a time when the defendant had no opportunity to remedy the supposed defect by an amendment of its plea. The plaintiff in fact waived any such imperfections in the plea by failing to demur to it, and such waiver was not recalled by the general objection to the "case made" on the ground of incompetency, immateriality, and irrelevancy, since it has been repeatedly held that a general objection of this sort, which does not point out the particular defect which renders the evidence incompetent, immaterial, or irrelevant, will not avail in an appellate tribunal. Insurance Co. v. Miller, 8 C. C. A. 612, 60 Fed. 254, and cases there cited. The present case is one where the rule in question should be rigidly enforced, since it is apparent that the alleged defect in the plea was not in the mind of counsel by whom the general objection aforesaid was made.

Moreover, we are of opinion that the plea was good and sufficient notwithstanding the failure of the pleader to expressly aver that the bonds and coupons were assigned to Edminson with the knowledge and consent of the university. Such knowledge and consent, we think, is clearly implied in the allegation that the bonds and coupons were delivered to Harris with general instructions to proceed and collect the same, and that they remained the property of the university during all the time the former action was pending. In view of these

allegations, it may be inferred fairly that the direction to Harris to collect the securities meant that he should proceed with the collection in such manner as he deemed most conducive to the interest of his client, and that he advised his client, as it was his duty to do, of the action that had been taken in that behalf, and that his action was duly ratified.

Inasmuch as the trial court ruled that the question, whether the former action operated as a bar to the present action, was not within the issues raised by the pleadings, because the plea was defective, it held, as a matter of course, that all the evidence which was offered to sustain the plea, consisting, as it did, of the record in the former case and certain depositions that were offered to establish the relations existing between Edminson and the university, was inadmissible; and all of such testimony was in fact rejected, as appears from the opinion of the trial court. It follows, therefore, that the issue arising on the plea was not considered by the trial court, and was neither tried nor determined. In view of that fact, we think that the proper course to pursue is to reverse the case for the reasons already stated and remand it for a new trial. We might possibly look into the rejected record and the rejected depositions and determine the issue arising on the plea, but by so doing we would be trying on appeal an issue that was not tried below, and one which the trial court declined to determine on the erroneous theory that it was not within the pleadings.

It is accordingly ordered that the judgment be reversed, and the cause remanded for a new trial.