### BURLINGTON INS. CO. v. MILLER.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1894.)

#### No. 346.

1. PLEADING—REPLY—WHEN NECESSARY.
    Under Mansf. Dig. Ark. §§ 5043, 5072, which forbid a plaintiff to reply to new matter contained in the answer, unless such new matter constitutes a set-off or counterclaim, a plaintiff may prove, without pleading them, facts showing that the defendant has waived, and is estopped from asserting, breaches by plaintiff of the contract sued on, such breaches having been averred in the answer by way of confession and avoidance.

2. TRIAL—OBJECTION TO EVIDENCE.
    An objection to evidence as "incompetent, irrelevant, and immaterial" is too general to sustain the point on appeal that the evidence relates to matters not pleaded.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action by Sophia Miller against the Burlington Insurance Company upon a policy of fire insurance. Plaintiff obtained judgment. Defendant brings error.

A. B. Quinton and E. S. Quinton, for plaintiff in error.

U. M. Rose, W. E. Hemingway, and G. B. Rose, for defendant in error.

Before SANBORN, Circuit Judge, and THAYER, District Judge.

THAYER, District Judge. The plaintiff in error was sued in the circuit court of Jefferson county, Ark., on a policy of insurance which it had theretofore issued to Sophia Miller, the defendant in error, insuring her in the sum of $2,900, for the term of one year, against loss and damage by fire to certain property situated in the town of Pine Bluff, Ark. The defendant company removed the case to the United States circuit court for the eastern district of Arkansas, where there was a trial before the court, a jury having been waived, and a judgment against the insurance company in the sum of $3,001. To reverse that judgment it has sued out the present writ of error. It appears from the record that the complaint on which the case was tried was an ordinary declaration on an insurance policy. The complaint averred that on April 29, 1891, the defendant company had executed and delivered to the plaintiff its certain contract of insurance, the substance of which was fairly stated according to its legal effect; that on March 15, 1892, while the policy was in force, the property covered by the policy had been totally destroyed by fire; that the plaintiff had duly fulfilled all of the conditions of insurance on her part, and that the loss sustained, amounting to $2,900, had not been paid. The defendant filed an answer to the complaint, wherein it pleaded specially that the plaintiff had violated several of the provisions of the policy. Among other things, the answer averred that the policy contained a provision to the effect that, in case of loss, the assured should give immediate notice of the loss to the company, in writing, and within 30 days thereafter should deliver to it "a particular account of said loss, under oath, stating the time, origin, and circumstances of said fire," etc. The answer further averred that the plaintiff had failed to give the notice required by the aforesaid condition, and had failed to make and deliver proofs of loss within the aforesaid period of 30 days, and had failed to furnish any proofs of loss whatever. No reply was filed to the aforesaid special plea. On the trial of the case, certain oral and written evidence was introduced by the plaintiff, which clearly showed that the defendant company, by its dealings with the plaintiff subsequent to the fire, had waived the aforesaid provision of its contract touching notice and proofs of loss, and that it was also estopped from insisting upon a violation of that provision as a defense to the action.

The only assigned error in the record that we are called upon to review is whether the trial court properly admitted the oral and written testimony above referred to. It is insisted, in behalf of the plaintiff in error, that the testimony in question was improperly admitted, because the plaintiff had neither pleaded a waiver nor an estoppel in response to the new matter stated in the answer with reference to the violation of the condition with respect to notice and proofs of loss. There are two good and sufficient reasons why the exceptions taken to the admission of such testimony cannot prevail in this court. As the pleadings were framed when the case went to trial, the defendant admitted the execution and delivery of the contract as described in the complaint, but averred specially, by way of confession and avoidance, that the plaintiff was not entitled

to recover, because of a noncompliance with one of the conditions. of the contract.   In most of the states, no doubt, it would have been the duty of the plaintiff to have filed a reply to the new matter alleged in the answer, if she intended to show a state of facts constituting an estoppel in pais or a waiver of the condition of the policy. But, under the Arkansas Code, a plaintiff is not allowed to file a reply to new matter contained in the answer unless the new matter alleged constitutes a set-off or a counterclaim.   Section 5043 of Mansfield's Digest provides as follows: "There shall be no reply except upon the allegation of a counter-claim or set off in the answer."   Section 5072 also proides that "the allegation of new matter in the answer, not relating to a counter-claim or set-off,   *   *   * is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require."   Under these sections, it appears to be held by the Arkansas courts that a plaintiff may prove any facts, without pleading them, which will suffice to overthrow or rebut a special plea or defense stated in the answer by way of confession and avoidance, such as was interposed in the present case.   Lusk v. Perkins, 48 Ark. 243, 2 S. W. 847.   It follows, therefore, that the same rule of pleading should be observed by the federal courts sitting in Arkansas in the trial of common-law cases.   Vide Rev. St. U. S. § 914.

For another reason, as well, we must ignore the alleged error of the circuit court in admitting the testimony tending to establish a waiver and an estoppel.   It nowhere appears from the bill of exceptions that the trial court was asked to exclude the testimony in question because it tended to establish or to raise an issue that had not been made by the pleadings.   Throughout the record it appears that the evidence was objected to, in the most general language, because it was "incompetent, irrelevant, and immaterial." It is not shown that in a single instance the attention of the trial court was directed to the fact that the plaintiff had failed to plead a waiver or an estoppel, and that it was asked to exclude the objectionable testimony for that reason.   If the evidence had been challenged on that ground, for aught that we can now tell, the testimony might have been excluded, or the plaintiff's attorney might have asked and obtained leave to amend the pleadings so as to forestall every possible objection to the testimony on that ground. Instead of pursuing that course, the defendant's attorney thought proper to employ language which was as well calculated to conceal the real ground of his objection to the evidence as to disclose it. Appellate courts have on many occasions condemned the practice of stating objections to testimony in language that is so general or obscure that it may not have served to advise the trial court, or the opposite party, of the precise nature of the objection intended to be urged and to be relied upon.   A specification of the particular reasons upon which a party asks the trial court to exclude or to admit certain testimony is essential for three reasons:  First, to prevent a violation of the fundamental rule that a litigant must abide in an appellate court upon the theory which he has advocated at nisi prius; second, to prevent an appellate tribunal from becom-

ing something quite different from a court of review; and, lastly, that the opposing party and the trial court may be fairly advised of the force and nature of the objection intended to be urged, and have a fair opportunity to consider it, and, if need be, obviate it. Insurance Co. v. Frederick, 58 Fed. 144;[1] Turner v. People, 33 Mich. 363, 382; Shafer v. Ferguson, 103 Ind. 90, 2 N. E. 302; State v. Hope, 100 Mo. 347, 13 S. W. 490; Lewis v. Railroad Co., 123 N. Y. 496, 501, 26 N. E. 357; Ward v. Wilms, (Colo. Sup.) 27 Pac. 247; People v. Nelson, 85 Cal. 421, 24 Pac. 1006; Elliott, App. Proc. §§ 770, 779. While an objection to testimony for the reason that it is "incompetent and immaterial" may be adequate in some cases, where the testimony is obviously or clearly inadmissible, yet, as every practitioner knows, it frequently happens that an objection in that form is not sufficient to advise the court or the opposite party of the ground on which the objection is predicated. In the present case, there is nothing in the record which fairly shows that the precise question which we are asked to determine affecting the admissibility of the testimony to which the objection relates was ever considered or determined by the trial court, and for this reason as well,—that is, because the objections stated were too general,—we must decline to notice the alleged erroneous rulings. For both of the reasons heretofore indicated the judgment of the circuit court is hereby affirmed.