NEW YORK, N. H. & H. R. CO. v. BLESSING.

(Circuit Court of Appeals, Second Circuit. April 16, 1895.)

1. CONTRIBUTORY NEGLIGENCE—CROSSING RAILROAD.

B., a man of mature years and in possession of all his faculties, but somewhat hard of hearing, was walking from the south towards the tracks of defendant's railroad, at a highway crossing, just after dusk. There was nothing to intercept his view after he came within a step or two of the

southerly track, which was nearly five feet between the rails and seven feet distant from the northerly track. B. crossed the southerly track, and, while on the northerly track, was struck by a train and killed. A witness testified that he crossed the track, running quite fast, just in advance of B., looked, and saw no train. Another witness testified that he was driving a truck towards the track, from the south, looked, and saw no train, and was about crossing,. when he saw B. struck. *Held*, that it was not error to refuse to instruct the jury, as a matter of law, that B. was guilty of contributory negligence.

2. CHARGING JURY--ISSUE NOT RAISED BY EVIDENCE.

The fireman and engineer of the train testified that they first saw B., walking slowly towards the track, when the train was about 50 or 60 feet away; that the bell was rung and whistle sounded, and the brakes applied, and the train stopped as soon as possible. There was no evidence to contradict defendant's evidence that the train was stopped as soon as possible after B. was. seen. *Held*, that it was error to instruct the jury that, if the engineer and fireman could have discovered B. on the track in time to avoid him, and did not, the defendant was guilty of negligence, there being no evidence to which such instruction could apply.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Karl H. Blessing, as administrator of Jacob F. Blessing, against the New York, New Haven & Hartford Railroad Company, to recover damages for the death of the intestate, alleged to have been caused by defendant's negligence. The plaintiff recovered a judgment in the circuit court. Defendant brings , error.

Henry W. Taft, for plaintiff in error.

Ullo, Reubsamen & Cochran, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. The action was brought by an administrator to recover damages for the death of Jacob F. Blessing, who, it was alleged, was killed by the negligence of the defendant. The issues upon the trial were whether the defendant was guilty of negligence, and whether the deceased was guilty of contributory negligence.

It appeared in evidence that the deceased was struck and fatally injured by the locomotive of a freight train while crossing the defendant's railroad at its intersection with a public highway. He had approached along the highway from the south, on foot; had walked across the first, or southerly, track of the railroad, and was upon the second, or northerly, track when he was struck. The accident happened in the early evening, shortly after dusk. According to some of the testimony, the freight train, which was composed of 12 or 15 cars, was moving at a speed of 15 or 20 miles an hour, and had given no warning of its approach by the ringing of a bell, by a whistle, or otherwise. The deceased was familiar with the crossing, was a man of mature years, and was in possession of all his faculties, but was somewhat hard of hearing. He was alone. There was nothing upon the railroad to intercept his view after he came within a step or two of the southerly track. That track

was nearly five feet between the rails, and was seven feet distant from the northerly track.     There was evidence tending to show that the view of the track was intercepted by bushes and high land until the road from the south reached the crossing.     How far the deceased could have seen the train if he had looked in the direction from which it came was a fact in dispute.     According to the testimony of a surveyor, and other apparently reliable witnesses, the view was unintercepted for a distance of several hundred feet. But there was testimony to the contrary.     A witness for the plaintiff testified that he ran across the track running quite fast, just in advance of the deceased; that before he crossed he looked towards the east to see if any train was coming, and could see none; that it was dark, and "there was a kind of curve there"; that he had got a short distance beyond the track, something less than half the distance to Hahn's house, when he looked back, and saw the deceased just being struck by the locomotive.     Hahn's house, according to some of the testimony, was from 50 to 65 feet beyond the railroad.     Another witness, who was about crossing the railroad from the south, driving a team and truck, testified that although he looked for approaching trains he did not see or hear any, and had got within two or three yards of the track, and was about to drive over it, when he saw the deceased stricken down.     The testimony of these witnesses tended to prove that the train from the east was not visible to a person crossing the track from the south until very near; but whether this was because of the curve of the track, or because the train was obscured by the high land at the sides of the track, and the headlight of the locomotive was not burning, were left as matters of inference merely.     The fireman of the locomotive testified that as the train was approaching the crossing, and when it was 50 or 60 feet away from it, he saw the deceased walking slowly towards the track, and that he notified the engineer, who was ringing the bell, and the latter immediately sounded an alarm whistle and applied the air brakes.     The train ran about 150 feet beyond the crossing before it was brought to a stop.     He said:

"When I first saw him (the deceased) he was just in the act of going on the track. I told the engineer just as soon as I laid my eyes on him. In fact, I only just saw him for a moment."

The engineer testified that the deceased was about 25 or 30 feet away when he first saw him.     According to the testimony for the defendant, the train was running about 12 miles an hour, and the headlight of the locomotive was burning, and shone upon the track 100 to 200 feet in front of the train.

At the close of the evidence the trial judge was requested on behalf of the defendant to instruct the jury to render a verdict in its favor, because the evidence did not establish negligence on its part, and also because the evidence established contributory negligence upon the part of the deceased.     This request was denied by the trial judge, and error has been assigned of the ruling.

It has not been argued before us that the evidence did not justify submitting the question of the defendant's negligence to the jury,

but it is contended that the evidence of the contributory negligence of the deceased was such that it was the duty of the court to direct a verdict for the defendant upon that ground as requested.

If the trial judge had granted the motion, which was made directly after the rendition of the verdict, to set aside the verdict as contrary to the evidence, we should not have regarded it as an unwise exercise of discretion; but he did not do so, and if there was any evidence, however unsatisfactory it may have been, to support the conclusion that the deceased was not guilty of contributory negligence, we cannot rule that his refusal to direct a verdict for the defendant was error. This court has no power to review the decision of the court below in refusing to grant a new trial, based upon the ground that the verdict was contrary to evidence. Steamship Co. v. Anderson, 1 U. S. App. 176, 1 C. C. A. 529, 50 Fed. 462. It is only when the evidence given at the trial, with all the inferences that the jury can justly draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict if returned must be set aside, that the court is justified in directing a verdict. If upon any construction which the jury were authorized to put upon the evidence, or by any inferences they were authorized to draw from it, the conclusion that the deceased was not guilty of negligence can be justified, the defendant was not entitled to the instruction requested. Railroad Co. v. Stout, 17 Wall. 657. It is undoubtedly true that the railroad is itself a warning, and that it can never be assumed by a person about to cross one that cars are not approaching, or that danger is not to be apprehended; and we recognize to the fullest extent the doctrine that a person who is about to cross a railroad track is bound to listen and look in order to avoid danger, and if he fails to do so, or if doing so, and seeing the danger, he persists in the attempt, he is guilty of negligence which will defeat any recovery if he is injured. But, applying these rules to the facts of the case in hand, we are unable to accede to the conclusion urged upon us. We cannot ignore the consideration that one who is about to cross a railroad has the greatest incentive to exercise ordinary prudence, and is not to be presumed to be destitute of the ordinary instincts of self-preservation. Because men are sometimes reckless, we cannot assume that they are generally so. There is no evidence to indicate that the deceased was intoxicated, and none which is indisputable to show that he did not look and listen as he approached the track. Two other persons, having practically the same opportunities as he did for observation and discovery of danger, according to the testimony, used ordinary diligence and failed to discover it. If the jury believed these witnesses, as we must assume they did, they were justified in inferring that there was some unexplained condition or circumstance in the situation which prevented the train from being seen or heard; and however improbable or incredible that testimony may seem to have been, especially in view of the photographs introduced in evidence, it was exclusively for the jury to credit or reject it. If the jury believed that these witnesses could not see or hear the train, although they sought to do so, they were justified

in assuming that the deceased, governed by the natural impulses of self-preservation, looked and listened as he approached the train, and by reason of some unexplained cause, which prevented it from being seen or heard by the others, was himself unable to see or hear it.    Whether the headlight was burning, whether the shade of the high ground obscured the train, whether there was a wind that deadened the noise of its approach, whether the noise of the truck just behind the deceased prevented him from hearing the train, whether, dazed by the sudden appearance of the train as he was crossing the first track, he lost his presence of mind, and stepped forward, instead of backward, were all matters of inference bearing upon the question of the contributory negligence of the deceased, with which it was the particular province of the jury to deal, and which, if found in favor of the plaintiff, were sufficient to explain the conduct of the deceased, and reconcile it with that of an ordinarily prudent man under the same circumstances.

Error has also been assigned of an instruction given to the jury on behalf of the plaintiff which was as follows:

"If the engineer or fireman of the defendant company could have discovered the plaintiff's intestate on the track in time to have avoided injuring him, and if the jury find that under the circumstances of this case the engineer or his fireman on the train should have so discovered the plaintiff's intestate in time to avoid injuring him, but did not, the defendant company was guilty of negligence, and the plaintiff should have a verdict, provided he was not guilty of contributory negligence."

This instruction was excepted to on behalf of the defendant. It was given pursuant to a request on the part of the plaintiff.    We think it was erroneous, and properly excepted to.

To instruct a jury upon assumed facts to which no evidence applies is error.    Such instructions tend to mislead them, by withdrawing their attention from the proper points involved in the issue.    "Juries are sufficiently prone to indulge in conjectures, without having possible facts not in evidence suggested for their consideration."    Railroad Co. v. Houston, 95 U. S. 697, 703.    The instruction given could not in any respect have enlightened the jury in reaching a just conclusion.    On the contrary, it tended to divert their minds from the real issues in the case.    The facts were either, as contended for by the plaintiff, that a pedestrian crossing the track could not see or hear the train, or be seen by those in charge of it, until it was close upon him; or, as contended for by the defendant, that it was visible to a person looking for it for several hundred feet beyond the crossing, and the deceased was actually seen 50 or 60 feet away.    In the one case the train could not possibly have been stopped in time to avoid striking the deceased; in the other, those in charge of it had the right to assume that he had noticed it, and would not step in front of it, until he actually attempted to do so, when also it was too late to stop it. There was not a scintilla of evidence to contradict the witnesses for the defendant in the statement that the train was stopped as soon as possible after the deceased was discovered, apparently intending to cross the track, by the fireman.    By asking for this instruction,

the plaintiff injected into the real controversy a false and dangerous ingredient. We cannot doubt that the instruction was prejudicial to the defendant. This error should lead to a reversal of the judgment. The judgment is reversed.