ELI MINING & LAND CO. et al. v. CARLETON.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1901.)

No. 1,472.

1. APPEAL—REVIEW—TRIAL TO COURT—FINDINGS OF FACT.

When a common-law action is tried to the court, its findings of fact are conclusive on appeal; and, if the facts found are sufficient in law to support the judgment, it must stand, unless the court erred in admitting or rejecting evidence over the objection of the complaining party.

2. SAME—OBJECTIONS TO EVIDENCE—SUFFICIENCY.

An objection to a question propounded to a witness, that it is "immaterial," is insufficient to support an assignment of error based on the action of the court in overruling it; such objection being tantamount to no objection at all.

3. SAME—QUESTIONS NOT RAISED BELOW.

Objections to questions propounded to witnesses not brought to the attention of the lower court, and its opinion taken thereon, cannot be reviewed.

4. SAME—HARMLESS ERROR—PROPER CROSS-EXAMINATION OF WITNESS.

In an action to recover possession of an alleged placer-mining claim, defendant was allowed to ask a witness on cross-examination if he would, as a placer miner, undertake to work the ground in question, and make it pay as a placer mine. Held, that the question was clearly within the limits allowable, but that, if the ruling had been erroneous, plaintiff could not complain, as the witness' answer was not prejudicial to him.

5. SAME—OBJECTIONS TO LEADING QUESTIONS.

An objection that a question propounded to a witness is leading will not be reviewed on appeal.

In Error to the Circuit Court of the United States for the District of Colorado.

Joel F. Vaile and John A. Ewing (Edward O. Wolcott and William W. Field, on the brief), for plaintiffs in error.

W. H. Bryant (C. S. Thomas and H. H. Lee, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by the Eli Mining & Land Company, a Colorado corporation, A. D. Searl, Mrs. F. C. Schroeder, Nellie M. Schroeder, A. S. Schroeder, John W. Schroeder, Mrs. Dora Ehlers, Mrs. Maria Dunhore, A. F. Britton, and H. J. Gray, plaintiffs in error, against S. L. Carleton, the defendant in error, to recover the possession of an alleged placer-mining claim in the California mining district, in Lake county, Colo. By written stipulation of the parties a jury was waived, and the cause tried before the court. After hearing the evidence and arguments of counsel, the court announced its conclusions in the case in the following terms:

"RINER, J. Case No. 3,816, argued yesterday. In my judgment, the evidence in this case does not show that the ground in controversy is placer ground. I think, too, the good faith of the parties making the placer location, and their grantees, may well be doubted. The location was made twenty-three years ago, and no effort has been made by them to develop and work the claim as a placer. Neither is it established as a fact by the testimony that the necessary assessment work has been performed. The views just expressed seem to be in harmony with the findings of the land department, but, if it were otherwise, it could make no difference, as the findings of that department must be held to be conclusive upon the questions of fact; that is to say, as to the character of the land, etc. A judgment will be entered in favor of the defendants."

Whether these utterances of the court are treated merely as the opinion of the court, or as a general or a special finding of facts, they present nothing for the consideration of this court. They at least constitute a sufficient general finding in favor of the defendant. The fact is found that the ground in controversy is not placer-mining ground, and this finding is fatal to the plaintiff's case. The principal error assigned is that the findings of the court are not supported by the evidence. But, when a common-law action is tried to the court, its findings of fact are conclusive on this court; and, if the facts found are sufficient in law to support the judgment, it must stand, unless the court erred in the trial of the case in admitting or rejecting evidence over the objection of the complaining party. Hill v. Woodberry, 49 Fed. 138, 1 C. C. A. 206, 4 U. S. App. 68; Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346; Searcy Co. v. Thompson, 13 C. C. A. 349, 66 Fed. 92; Hughes Co. v. Livingston, 43 C. C. A. 541, 104 Fed. 306; British Queen Min. Co. v. Baker Silver-Min. Co., 138 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147.

Four errors are assigned, based on objections to questions propounded to witnesses by the defendant: On cross-examination the defendant asked a witness, "Would you, as a placer miner, undertake to work that ground and make it pay as a placer mine?" To this question the plaintiffs interposed in the lower court the objection that the question was "immaterial" only, which, as we have often held is tantamount to no objection at all. Insurance Co. v. Miller, 8 C. C. A. 612, 60 Fed. 254, 256; Railroad Co. v. Hall, 14 C. C. A. 153, 66 Fed. 868, 870; Equipment Co. v. Blair, 25 C. C. A. 216, 79 Fed. 896; U. S. v. Shapleigh, 4 C. C. A. 237, 54 Fed. 126; Ward v. Manufacturing Co., 5 C. C. A. 538, 56 Fed. 437; Insurance Co. v. Frederick, 7 C. C. A. 122, 58 Fed. 144; Railroad Co. v. Henson, 7 C. C. A. 349, 58

Fed. 531, 532; Minchen v. Hart, 18 C. C. A. 570, 72 Fed. 294, 295. In this court various other objections to questions are set up, but these objections were not brought to the attention of the lower court, and its opinion taken on them, and for that reason this court cannot consider them. Railroad Co. v. Henson, supra; Trust Co. v. Wood, supra; Drexel v. True, 74 Fed. 12, 20 C. C. A. 265; Philip Schneider Brewing Co. v. American Ice Mach. Co., 23 C. C. A. 89, 77 Fed. 138, 149; Fred J. Kiesel & Co. v. Sun Ins. Office of London, 31 C. C. A. 515, 88 Fed 243, 247; Grattan Tp. v. Chilton, 38 C. C. A. 84, 97 Fed. 145, 150. Moreover, the question was clearly within the limits allowable in the cross-examination of an adversary witness. But, if the ruling had been erroneous, it would have been an error without prejudice; for the answer of the witness to the question was not prejudicial to the plaintiff, whose witness he was. A precisely similar objection was made to two other questions, to which the same answers apply. To another question the only objection made was that it was "leading,"—an objection never regarded by an appellate court. Finding no error in the record, the judgment of the circuit court is affirmed.