## SPARKS v. TERRITORY OF OKLAHOMA.

(Circuit Court of Appeals, Eighth Circuit. June 7, 1906.)

### No. 2,347.

1. LARCENY—EVIDENCE—RELEVANCY—FACTS—DECISION.

Upon a trial for larceny, the question was whether the defendant stole some cattle or bought them of one Read without notice that they had been stolen. There was evidence which tended to show that the defendant paid Read for the cattle $250 in currency, and gave him a draft for $710 on a commission company, payable to Read's order, and that the lat-

ter sent the draft to the company in a letter, wherein he directed them to place its proceeds in a certain bank to his credit. The territory produced three bankers, who testified, over the defendant's objection that their testimony was incompetent, irrelevant, and immaterial, that there was no method known to banking institutions whereby such a draft could be paid without the indorsement of the payee. *Held*, this evidence was irrelevant and immaterial, and its admission was error.

2. CRIMINAL LAW—EVIDENCE—ADMISSION OF IMMATERIAL OR IRRELEVANT TES-TIMONY FATAL.

The admission of irrelevant or immaterial evidence is a fatal error, because it tends to withdraw the attention of the jury from the actual issues in the case, to lead them to decide it upon extraneous questions, and thus to violate the right of the parties to a trial of the case upon the law and evidence applicable to the real issues it involves, and upon those only.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 3137.]

3. SAME—EVIDENCE—GENERAL OBJECTION, WHEN AVAILABLE.

The general objection that evidence is incompetent, irrelevant, and immaterial is sufficient when the reason for the objection is readily discernible. But where the ground of the objection is not suggested thereby, it will not avail in an appellate court.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 1633–1637.]

(Syllabus by the Court.)

In Error to the Supreme Court of the Territory of Oklahoma.

For opinion below, see 83 Pac. 712.

Louis C. Boyle (W. F. Guthrie and A. F. Smith, on the brief) for plaintiff in error.

Don C. Smith (W. O. Cromwell, on the brief) for the territory of Oklahoma.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The defendant below was tried and convicted of larceny of 32 steers in the territory of Oklahoma about September 1, 1902. There was evidence at the trial that these steers were the cattle of one George Storm; that they were in a pasture about 17 miles from the town of Woodward, in Oklahoma; that they disappeared from this pasture about August 25, 1902; that the defendant put them in a pasture within three miles of Woodward on that day; that he shipped them from the station of Woodward to Ben L. Welch & Co., commission merchants at Kansas City, on August 27, 1902; and that Storm found them there on the next day, and recovered them. The defendant testified that he had been engaged in purchasing cattle for many years; that on August 25, 1902, he had been out hunting, and was returning toward Woodward when he overtook two men driving these cattle toward that town; that one of them informed him that his name was F. E. Read, and that the cattle were for sale; that he bought them of Read, took a bill of sale of them, which he produced at the trial and paid him $250 in cash, and gave him a draft for $710 on Ben L. Welch & Co., to whom he shipped the cattle. The draft was received by Welch & Co., in a letter which reads in this way:

"Woodward, O. T. Aug. 25, 1902.

"Ben Welch Commission Co., Kansas City, Mo.—Dear Sir: Inclosed please find draft on your firm for seven hundred and ten dollars, given to me by A. G. Sparks in part payment on 32 head of steers. Please send amount of same to my credit at Woods County Bank, Alva, Okla.

"Yours truly,                                                     F. E. Read."

Here is a copy of the draft:

"The Gerlach Bank.

"Woodward, Okla., Aug. 25, 1902.

"At sight pay to the order of F. E. Read $710.00, seven hundred and ten dollars, part payment on thirty-two steers.                      A. G. Sparks.

"To Ben L. Welch & Co., Stock Yards, Kansas City, Mo."

Welch & Co. were seasonably notified that the cattle had been stolen, and they never paid the draft. Counsel for the territory produced three bankers, and asked each of them if there was any method known to banking institutions whereby this draft could be paid without an indorsement by the payee, Read. Counsel for the defendant objected to this question, on the ground that it was incompetent, irrelevant, and immaterial. The objection was overruled, and an exception was noted. The first witness answered: "No, there is none. Sometimes, by an oversight, they are; but they should be indorsed." The second said: "Why, if it pass through the bank's hands, you are always required to indorse it." But on cross-examination he testified that if the draft was attached to the letter of instructions he expected the bank would take it. The third replied that it would be irregular if the draft was cashed without the indorsement of the payee.

Every litigant has the legal right to a fair and impartial trial of the issues which his case presents according to the law and the evidence applicable to those issues alone. The submission to the jury for their consideration of extraneous issues, or of evidence which is neither relevant nor material to the questions upon trial, is a violation of this right, and it constitutes a fatal error, because it tends to withdraw the attention of the jury from the issues actually involved, and to lead them to decide the case upon false issues, and in that way to reach an erroneous result. Northwestern Mutual Life Ins. Co. v. Stevens, 18 C. C. A. 107, 112, 71 Fed. 258, 263; Railroad Co. v. Houston, 95 U. S. 703, 24 L. Ed. 542; Railroad Co. v. Blessing, 14 C. C. A. 394, 398, 67 Fed. 277, 281; Union Pac. R. Co. v. Field, 137 Fed. 14, 15, 17, 69 C. C. A. 536; Frizzell v. Omaha St. Ry. Co., 59 C. C. A. 382, 384, 124 Fed. 176, 178; Equitable Life Assur. Co. v. McElroy, 28 C. C. A. 365, 376, 83 Fed. 631, 642. The only issue in this case was whether the defendant stole the cattle or purchased them from Read. The draft payable to Read was drawn on Welch & Co., and it was sent directly to the drawee in a letter which purported to be signed by the payee of the draft, and which contained a request to the drawee to place its proceeds to his credit in the bank at Alva. If the signature to the letter was the genuine signature of Read, the payee of the draft, that letter gave ample authority to the drawee to comply with the request it contained, and in that way to take up and discharge its obligation upon the draft. The drawee undoubtedly had the option to act

upon this request, or to insist upon further assurance of the genuineness of the signature of the payee of the draft upon the letter. But this draft was not drawn upon any bank, was not presented to any bank, and no bank was ever requested to pay it or to collect it; so that the issue whether or not there was any method known to banking institutions whereby such a draft could be paid without an indorsement by the payee was as immaterial and irrelevant to the issues in this case as the method which bankers adopt to protest commercial paper. The grave admission in evidence by the court and submission to the jury of the testimony of these three bankers, doubtless men of standing and influence in their community, on behalf of the territory, upon this immaterial issue, over the objection and against the protest of the defendant, could hardly fail to impress the jury with the view that here was an important issue, and it may well have turned the scales in favor of the territory. The evidence was plainly irrelevant and immaterial, and its admission is fatal to the verdict.

The fact that the objection to this testimony was general, and the decisions of this court to the effect that such an objection is unavailing when it fails to suggest the true reason for it (Minchen v. Hart, 72 Fed. 294, 18 C. C. A. 570; Eli Min. & Land Co. v. Carleton, 108 Fed. 24, 47 C. C. A. 166; Shandrew v. Chicago, St. P. M. & O. Ry. Co. [C. C. A.] 142 Fed. 320; Davidson Steamship Co. v. U. S. [C. C. A.] 142 Fed. 315), have not escaped attention. But the rule of the Supreme Court and of this court is not that the general objection is never sufficient, but that it is insufficient in cases in which it fails to suggest to court and counsel the real ground of the objection. The objection that evidence is incompetent, irrelevant, and immaterial is sufficient when the reason for the objection is readily discernible, and when it is not so it is insufficient. Sparf v. U. S., 156 U. S. 51, 57, 15 Sup. Ct. 273, 39 L. Ed. 343; People v. Beach, 87 N. Y. 508, 513; Burlington Ins. Co. v. Miller, 8 C. C. A. 612, 614, 60 Fed. 254, 256; Guaranty Co. v. Phenix Ins. Co., 124 Fed. 170, 175, 59 C. C. A. 376, 381.

Where evidence has no relevancy or materiality to the issues in the case, no specification or elaboration of reasons for its rejection can more clearly or emphatically call this fact to the attention of court or counsel than the fitting objection that it is irrelevant and immaterial. The evidence of bankers about the method of payment of a draft in banking institutions could not have been material or relevant under any view of this case, and the general objection to its admission was ample to suggest this fact. The judgments of the courts below must be reversed, and the case must be remanded to the District Court with instructions to grant a new trial; and it is so ordered.