## WILSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1925.)

No. 6801.

1. Criminal law ⬚698(3)—One objection and exception to improper cross-examination sufficient.

One objection and exception to a line of cross-examination of defendant wholly outside of her examination in chief, and making her testify against herself, would be sufficient.

2. Criminal law ⬚1170½(5) — Improper cross-examination held prejudicial, both as to counts for sale and possession of liquor.

Improper cross-examination of defendant, wholly outside her examination in chief, whereby she was made to disclose facts showing her possession of beer, alcohol, and mash, requires a reversal, not only as to the counts charging possession, but those charging sale; it being impossible to say that it did not aid in her conviction on the latter.

3. Witnesses ⬚277(4), 301—Cross-examination of defendant, wholly outside of examination in chief, and making her testify against herself, inexcusable.

Though the government is not confined in cross-examination of defendant to a mere categorical reiteration of her testimony in chief, cross-examination wholly outside her examination in chief, and making her give self-incriminating testimony, held not permissible.

In Error to the District Court of the United States for the District of Nebraska.

Grace Wilson was convicted of violation of the liquor laws, and brings error. Reversed and remanded for new trial.

William N. Jamieson, of Omaha, Neb. (E. D. O'Sullivan and C. J. Southard, both of Omaha, Neb., on the brief), for plaintiff in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Andrew C. Scott, Asst. U. S. Atty., both of Omaha, Neb., on the brief), for the United States.

Before LEWIS, Circuit Judge, and VAN VALKENBURGH and FARIS, District Judges.

FARIS, District Judge. Plaintiff in error, convicted upon three counts of an information charging her with unlawful sales of intoxicating liquor, and upon two counts charging unlawful possession of such liquor, brings this writ of error to review such convictions.

Counts 1 and 3 charge sales of alcohol and other alleged intoxicating liquors fit for beverage purposes, but do not allege to whom such sales were made. Count 2 reads as to pertinent parts, thus:

"That said Grace Wilson heretofore, to wit, on or about the 14th day of May, 1924, in the city of Omaha, county of Douglas, in the Omaha division of the district of Nebraska, then and there being, did then and there unlawfully, willfully, and knowingly sell certain intoxicating liquor, to wit, about two quarts of intoxicating liquor, containing more than one-half of 1 per cent. of alcohol by volume, and fit for beverage purposes, without first obtaining a permit from the Commissioner of Internal Revenue so to do, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said United States."

The invalidity of those counts of the information which charged alleged unlawful sales of intoxicating liquor, for that the names of the vendees of such liquor were not set out, and improper cross-examination of defendant while on the stand as a witness for herself, are among the 63 assignments of error, now here urged as grounds for reversal.

The information is identical with, and the manner, time, and place of the attack are in all things the same as, those leveled against the information in the case of Haussener v. United States, 4 F.(2d) 884, heard at this term, and lately ruled. What is said in the Haussener Case applies in toto to this case, and without repetition, which would but cumber the books, the point is disallowed.

[1] It is also urged as error that defendant, while upon the witness stand as witness in her own behalf, was subjected by the government to improper cross-examination, for that, inter alia, she was asked, "Would anybody else have any alcohol or beer around there, and you would not know about it?" To this question, over the objection of her counsel, which was overruled, she answered, "No, sir." She was then asked, "When did you make this beer, these 56 quarts?" Again, through her counsel, objection was made and overruled, and an exception taken. She answered that she did not make it. Then she was asked where she got it, and she answered that she got it from one of the neighbors. Later, and after she had upon cross-examination been compelled to give evidence amply sufficient, as the learned trial court accurately said in his charge, to convict her of possession of intoxicating liquors, she was asked in cross-examination, with reference to the beer whereof she was charged with possession, "Where have you been in the habit of buy-

ing it?" Again, and for the third time, her counsel objected, whereupon, in overruling the objection, the court said, "It is all cross-examination; when a party goes on the stand in a federal court, there is practically no limit to the cross-examination." Thereafter, without further objection from her counsel, the government compelled her to admit the possession of beer and alcohol, and the presence in her house of the mash charged in the fifth count, and the fact that she had made this mash.

It is true that to all this there were but three objections, and but a single exception taken by her counsel. One objection and one exception to improper cross-examination would have sufficed. Upon these forced judicial confessions the court bottomed the statement in his charge (also urged as error) that "defendant admitted the mash was there, and upon her own testimony is guilty of the charge contained in the fourth count." He could have gone further, and have said that upon her cross-examination she had admitted possessing alcohol, which she was charged with having sold to the government's witnesses. The examination in chief of the defendant dealt only with the questions whether the government's witnesses, on their first visit to her residence, were given beer, and whether these witnesses, on another occasion, were in fact admitted into her house. She denied that she had given beer to them, and denied that they were in her house upon a second visit, whereat they said they had bought alcohol, saying upon the latter question that, because these witnesses were obviously intoxicated when they came to her door, she had refused them permission to enter. She said nothing as to the alleged possession by her of beer, alcohol, or beer mash, and nothing as to the sale of either beer or alcohol, save to deny that she had given the witnesses beer.

[2] It is difficult to conceive of cross-examination going further afield from the examination in chief, and being more hurtful to the case of a defendant, than that disclosed by this record. State v. Pfeifer, 267 Mo. 23, 183 S. W. 337. The defendant, if the witnesses are to be believed, is guilty; but she herself, by grossly improper cross-examination, wholly outside of her examination in chief, was made to disclose facts showing her possession of beer, alcohol, and mash. These disclosures on her part made her conviction on those two of the counts which charged possession of intoxicating liquor and mash inevitable, and would have sufficed to convict her, had no other evidence

been offered. How far this cross-examination aided in her conviction for the three sales charged against her in other counts is of course problematical; but it cannot be said that it was not harmful error also as to each of the three counts wherein sales were charged against her.

[3] Some of this cross-examination may be excusable, upon the ground that the government is not to be confined in cross-examination to a mere categorical reiteration of the testimony of a defendant given in his examination in chief (State v. Miller, 156 Mo. 76, 56 S. W. 907; State v. Corrigan, 262 Mo. 195, 171 S. W. 51); but the greater part of it is inexcusable upon any ground consistent with the rules that a defendant is entitled to a fair trial, and that he may not be compelled to be a witness against himself.

The remaining 61 errors assigned need not now be ruled. They are such as will not necessarily arise upon another trial. Casually, they seem far-fetched and unfounded, upon either law or fact, and since, for the reason given the case must be reversed, we shall not take up time or space to discuss them.

Let the case be reversed and remanded for a new trial.