## HAVENER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 1, 1926.)

No. 7228.

**1. Criminal law ⬅1036(1).**

In absence of objection to admission of evidence, assignment of error based thereon will not be considered.

**2. Banks and banking 257(3)—Criminal law ⬅1169(1)—In prosecution for aiding and abetting cashier in misapplying funds of national bank, admission in evidence of letters constituting no part of transaction held error, but not ground for reversal (Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 [Comp. St. § 9772]).**

In prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting cashier of national bank in misapplication of bank's funds by discounting note, repudiated by alleged accommodation makers, admission in evidence of letters from defendant relating to contemplated transactions between defendant and such makers, and constituting no part of any transaction between defendant and cashier or defendant and bank *held* error, but not ground for reversal.

**3. Banks and banking ⬅257(3)—In prosecution for aiding and abetting misapplication of national bank funds, correspondence relating to extraneous matters held inadmissible (Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 [Comp. St. § 9772]).**

In prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting cashier of national bank in misapplication of bank's funds by discounting worthless note, correspondence between defendant and alleged accommodation maker of note relating to extraneous matters *held* inadmissible.

**4. Banks and banking ⬅257(3).**

In prosecution under Rev. St. §. 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting in misapplication of national bank's funds by discounting worthless note, correspondence showing method of handling notes by bank *held* admissible.

**5. Banks and banking ⬅257(3).**

In prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting cashier of national bank in misapplication of bank's funds by discounting worthless note, correspondence between maker and his attorney *held* inadmissible.

**6. Banks and banking ⬅257(3)—Proof of cashier's misapplication of national bank's funds was necessary to conviction for aiding and abetting him and cashier's conviction was prima facie evidence of his guilt (Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 [Comp. St. § 9772]).**

In prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting cashier of national bank in misapplication of bank's funds, proof of commission of primary offense by cashier was necessary to defendant's conviction, and evidence of cashier's conviction was prima facie evidence of his guilt, and therefore admissible.

**7. Criminal law ⬅400(2)—In prosecution for aiding and abetting cashier's misapplication of bank's funds, proof of conviction of cashier should be made by record, and admission of parol proof thereof was error (Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 [Comp. St. § 9772]).**

In prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting cashier of national bank in misapplication of bank's funds, proof of cashier's conviction of primary offense should have been made by record of conviction, and proof thereof by cashier's parol testimony was error.

**8. Criminal law ⬅1169(3)—In prosecution for aiding and abetting cashier's misapplication of funds, error in admitting parol testimony of cashier's conviction was rendered harmless by admission of defendant's counsel (Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 [Comp. St. § 9772]).**

In prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting cashier of national bank in misapplication of bank's funds, admission by defendant's counsel that record showed cashier's conviction, made in objecting to competency, materiality, and relevancy of record, waived production of record of conviction, and made error in admitting parol testimony as to such conviction harmless.

**9. Witnesses ⬅269(2)—In prosecution for aiding and abetting misapplication of bank's funds, cross-examination of witness as to prosecution of defendant for violation of state Blue Sky Law held reversible error (Rev. St. Kan. 17—1201 to 17—1222; Rev. St. U. S. § 5209, as amended by Act Cong. Sept. 26, 1918, § 7 [Comp. St. § 9772]).**

Where witness, in prosecution under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. § 9772), for aiding and abetting misapplication of national bank's funds by discounting of worthless note, testified on direct examination that he never denied liability to bank on his indorsement of note, cross-examination as to prosecution of defendant for violation of state Blue Sky Law (Rev. St. Kan. 17—1201 to 17—1222), having no relation to direct examination, *held* reversible error, as not proper cross-examination, or as showing defendant's character which was not in issue.

**10. Criminal law ⬅901.**

Any error in denying motion for directed verdict for defendant at close of government's case was waived by defendant's subsequent introduction of further evidence.

**11. Criminal law ⬅1044.**

In absence of motion for directed verdict at close of evidence, assignment of error that trial court erred in not directing verdict for defendant at that time was without foundation.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Charles E. Havener was convicted of aiding and abetting misapplication of funds of national bank by cashier of such bank, and he brings error. Reversed, and new trial granted.

William A. Bryans, of Denver, Colo., for plaintiff in error.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., and Frank H. McFarland, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. Plaintiff in error, Charles E. Havener, was indicted, tried, and convicted for violation of section 5209, R. S., as amended by the Act of September 26, 1918 (40 Stat. 972 [Comp. St. § 9772]). The indictment contained three counts:

The first count charged that Leo A. Mergen, cashier of the Union National Bank, of Beloit, Kan., on the 25th of June, 1921, willfully misapplied certain moneys, funds, and credits of the bank, to wit, the sum of $5,500. It further charged that Havener willfully, and with intent to defraud said bank, did aid and abet, incite, counsel, and procure Mergen to make the misapplication. It also alleged that the manner in which the misapplication of the funds was accomplished was as follows: That Mergen, as cashier, purchased from and discounted for Havener a certain promissory note signed by Chapman and Morford, payable to Havener, and indorsed by him and L. C. Withington; that Mergen knew at the time that the note was not well secured, but was a mere accommodation note given to Havener for no valid consideration, knew that the note had been repudiated by the makers and would never be paid, and knew that the amount paid for the note would be lost to the bank.

The other two counts of the indictment were of similar character, and related to transactions occurring respectively about October, 1921, and February, 1923. Havener was convicted on all three counts. Mergen, who was charged under the same indictment with willful and wrongful misapplication of the funds of the bank, had prior to the trial of Havener pleaded guilty and had been sentenced.

[1] There are 26 assignments of error. The first challenges the introduction in evidence of Exhibits 12 to 15. Since no objection was made at the time the exhibits were offered, this assignment of error cannot be considered.. Feinberg v. United States, 2 F.(2d) 955 (C. C. A. 8); Davis v. United States, 9 F. (2d) 826 (C. C. A. 8). Assignment of error 5 is disposed of in the same way and for the same reason.

[2] Assignment of error 2 challenges the introduction of Exhibits 10 and 11. Exhibit 10 was a letter from Havener to Chapman and Morford, dated April 9, 1921. Exhibit 11 was a circular letter issued by Havener bearing the same date. Neither of the letters constituted part of any transaction between Havener and Mergen, or between Havener and the bank. They related to contemplated transactions between Havener and Chapman and Morford. In our opinion the introduction of these exhibits was prejudicial, and the objection thereto should have been sustained. Sparks v. Territory of Oklahoma, 146 F. 371, 76 C. C. A. 594 (C. C. A. 8); Matters v. United States, 244 F. 736, 739, 157 C. C. A. 184 (C. C. A. 8). It does not appear, however, from the record, that these exhibits were read to the jury or taken by them to the jury room. We are not inclined, therefore, to reverse the judgment on account of this error.

[3] Assignment of error 6 challenges the introduction in evidence of Exhibits 25, 26, and 27, consisting of correspondence between Havener and Chapman. With the exception of a single sentence in the letter Exhibit 26, referring to one of the notes in the Beloit bank, the correspondence related to purely extraneous matters, not relevant or material to the instant case. The objection to the introduction of this correspondence with the exception noted, should, in our opinion, have been sustained.

[4, 5] Assignment of error 7 challenges the introduction of Exhibits 28 to 35, consisting of correspondence relative to two of the notes described in the indictment. Exhibits 28 to 32, inclusive, and 35, we think admissible, as showing the method of handling the notes by the Beloit bank. Exhibits 33 and 34 consist of correspondence between Chapman and his attorney. We think these should not have been admitted.

[6] Assignment of error 11 relates to the following testimony by the witness Mergen:

"Q. Just state your name? A. L. A. Mergen.

"Q. What connection did you formerly have with the Union National Bank? A. I was cashier.

"Q. Are you the same Leo A. Mergen who is mentioned in the indictment in case No. 4908 on file in this court? A. Yes.

"Q. And charged in connection with Mr. Havener in this case? A. Yes, sir.

"Q. I think the record in this case shows that some time in the month of January you entered a plea of guilty in this case? A. Yes.

"Q. And are now serving a sentence of conviction on plea of guilty on each and every count thereof? (Mr. Brewster: Objected to as incompetent, irrelevant, and immaterial. The Court: It may be proper to show that. He may answer.) A. Yes, sir."

We are somewhat at a loss to know just what counsel for plaintiff in error intended to cover by the objection interposed. From the statement made in his brief and from the authorities cited, we should infer that the point of the objection was that proof of the conviction of Mergen was not evidence either of the guilt of Havener or of joint action by Havener with Mergen. We may concede the truth of the proposition thus stated, but we think it has no relevancy here. The evidence as to the conviction of Mergen was offered, not because it had any tendency to prove guilt or joint action on the part of Havener, but because, in view of the statute (section 5209, R. S.) under which the prosecution was being had, proof of the crime of misapplication of the funds of the bank by an officer of the bank was an indispensable prerequisite to a conviction of any person as an aider or abettor of such officer in the commission of the crime.

The first part of the statute covers the primary offense by the officer of the bank; the latter part, under which Havener was being prosecuted, reads as follows: "And every person who, with like intent, aids or abets any officer, director, agent, employee, or receiver in any violation of this section shall be deemed guilty of a misdemeanor." Under this provision of the statute it has been uniformly held that proof of the commission of the primary offense—i. e., by the officer of the bank—is necessary in the prosecution of an alleged aider and abettor. Coffin v. United States, 162 U. S. 664, 672, 16 S. Ct. 943, 40 L. Ed. 1109; Brown v. United States, 142 F. 1, 73 C. C. A. 187; Keliher v. United States, 193 F. 8, 114 C. C. A. 128; Hoss v. United States, 232 F. 328, 332, 146 C. C. A. 376 (C. C. A. 8); United States v. Pyle (D. C.) 279 F. 290.

It was therefore proper and necessary in the case at bar to offer evidence to prove the commission of the primary offense by Mergen. If, however, the objection to the evidence so offered was intended to challenge its competency to prove the primary offense, a more serious question arises.

In Brown v. United States, supra, Brown was prosecuted as an aider and abettor of Brodrick under section 5209. The court in its opinion, speaking of the proof necessary and the character of it, said:

"The indictment charges Brown with aiding and abetting the alleged misapplications and abstractions of bank funds by Brodrick, the president of the bank, and this charge can be established only upon proof that Brodrick committed the primary offense. Both commission and criminal intent upon the part of Brodrick are thus made the fundamental issue, and are provable primarily without reference to connection with Brown, or the line of evidence which may establish the further issue against him. The intent of Brodrick in the primary acts must be ascertained from the facts and circumstances, and the general test of the relevancy of circumstances to that end is their logical connection with the primary offense charged against Brodrick. Thus the issue thereupon is not within the general rule which would require the presence or knowledge of the accused, Brown, to make such circumstances admissible."

In the case of United States v. Hillegass (D. C.) 176 F. 444 (affirmed Hillegass v. U. S., 183 F. 199, 105 C. C. A. 631, certiorari denied 219 U. S. 585, 31 S. Ct. 470, 55 L. Ed. 347), which was a prosecution under section 5209 for aiding and abetting the primary offender, the officer of the bank was allowed to testify to facts and circumstances bearing on the question of his own guilt.

In Keliher v. United States, supra, also a case of aiding and abetting under section 5209, the primary offender, Coleman, an employé of the bank, was allowed to testify, though he had been convicted and sentenced. His testimony covered a wide range. The court in its opinion said: "The testimony of Coleman, if accepted by the jury, covered every point necessary to make out a case against the plaintiff in error [the aider and abettor]."

In United States v. Hartwell, Fed. Cas. No. 15,318, also a case of aiding and abetting under a statute somewhat similar to section 5209, the primary offender did not testify; but a third person was allowed to testify as to statements in the nature of a confession made by the primary offender. The record of the plea of nolo contendere

by the primary offender was also introduced in evidence. It was held that both classes of evidence were admissible to prove the guilt of the primary offender.

In Gallot v. United States, 87 F. 446, 31 C. C. A. 44 (certiorari denied 171 U. S. 689, 19 S. Ct. 884, 43 L. Ed. 1179), a case of aiding and abetting under section 5209, it was held that the death of the primary offender before indictment was not a bar to the prosecution of the aider and abettor. The ground of the decision was that it was the fact of the commission of the offense by the primary offender and not his conviction that was necessary to be proven on the trial of the aider and abettor.

From these cases it is clear that it is the *guilt* of the primary offender, and not his *conviction*, which is the necessary fact to be proven before conviction can be had of the aider and abettor. This guilt of the primary offender may be proven by evidence of the facts and circumstances going to establish such guilt. The testimony of witnesses and documentary evidence are admissible the same as if the primary offender were on trial.

But another way of proving the guilt of the primary offender is by proving his conviction. Such proof is prima facie evidence of his guilt when introduced on the trial of the aider and abettor. This is analogous to the methods of proof of the guilt of the principal upon the trial of the accessory. 16 C. J. pp. 144, 145, §§ 157, 158; Wharton, Cr. Ev. (10th Ed.) § 602; Levy v. The People, 80 N. Y. 327.

[7] In the case at bar it was sought to prove the guilt of the primary offender by proving his conviction. But the conviction was allowed to be proven by the testimony of Mergen himself, the primary offender. This was error. A judgment cannot be proven by parol when the record is available. Freeman on Judgments (5th Ed.) p. 2142; Weatherhead v. Baskerville, 11 How. 329, 13 L. Ed. 717; Baltimore & O. R. Co. v. Rambo, 59 F. 75, 8 C. C. A. 6; Bise v. United States, 144 F. 374, 74 C. C. A. 1, 7 Ann. Cas. 165 (C. C. A. 8); Glover v. United States, 147 F. 426, 430, 77 C. C. A. 450, 8 Ann. Cas. 1184 (C. C. A. 8).

[8] However, later in the trial the prosecuting attorney offered to produce the record of the court to show the conviction of Mergen. Counsel for defendant thereupon said: "We admit the record shows that, but object to its competency, incompetent, irrelevant, and immaterial, and not in any way affecting this defendant." We think this was a waiver of the production of the record of the court, and an admission of the conviction of Mergen. The error in allowing Mergen to testify as to his conviction was thereby rendered harmless.

[9] The seventeenth assignment of error challenges the admission of certain testimony given by the witness Withington on cross-examination. He had been called by defendant and testified in chief as follows:

"Q. Your name? A. L. C. Withington.

"Q. Where do you live? A. Almena, Kansas.

"Q. And what is your business? A. Farmer.

"Q. Are you acquainted with Mr. Havener? A. Yes, sir.

"Q. Do you remember of indorsing a note which was signed by Mr. Chapman and Mr. Morford for $5,500? A. Yes, sir.

"Q. I hand you the paper marked Exhibit 1, and ask you to examine that and state whether that is the note that you indorsed? Look on the back of it. A. Yes, sir.

"Q. Have you ever denied your liability to the bank on that indorsement? A. I have not."

This was all of the testimony in chief given by the witness. On cross-examination the witness was questioned at length as to the business relations between himself and defendant. While a good deal of this testimony was challenged as immaterial and not proper cross-examination, yet it might be held admissible as touching the relations existing between the witness and defendant. But the part of the cross-examination which was particularly objected to was as follows:

"By Mr. Skinner: Q. Mr. Withington, you have been associated with Mr. Havener in business in connection with his companies, the Utah Colorado M. & M. Company and with the Colorado Utah Mines Holding Company and trust estate since some time in the early part of 1921, have you not? A. Interested with him in the Colorado Utah Mining M. & M. Company; nothing in the new company.

"Q. Nothing in the new company? A. In the way of business.

"Q. You purchased some shares in Utah Colorado or Colorado Utah M. & M. Company? A. Yes.

"Q. In the early part of 1921, or before that? A. I don't remember the exact date; it was in 1920 or 1921, 1920, I think.

"Q. 1920. That acquaintanceship began at a time when he came to Logan and

Speed and Almena and sold quite a bit of stock in that company? A. Yes.

"Q. Now, at that time there was a prosecution of some kind begun by the officials of the state at Phillipsburg, Kan., against Mr. Havener, was there not? A. Yes, sir.

"Mr. Brewster: Objected to as immaterial, incompetent, and irrelevant, not cross-examination.

"The Court: That depends on what kind of a prosecution it was.

"Q. A criminal prosecution for violation of the blue sky laws of the state?

"Mr. Brewster: Same objection.

"The Court: Do you know?

"Q. Do you know whether he was being prosecuted there at that time? A. I don't know that he was at the time I was buying stock.

"Q. Well, after that time? A. Yes, after.

"Q. You signed his bond at that time, did you not? A. Yes."

This questioning of the witness as to a prosecution of defendant for violation of the Blue Sky Law of Kansas (Rev. St. Kan. 17—1201 to 17—1222) was improper and highly prejudicial. It was not proper cross-examination, having no relation to the direct examination. It was not proper as showing the character of the defendant, for his character had not been put in issue. The offense inquired about had no connection with the offense charged in the indictment, and threw no light upon it. The testimony was consequently irrelevant and immaterial for that purpose.

The questions could have had no other purpose than to create prejudice in the minds of the jury, and it was certain that such would be the result. The admission of the testimony was prejudicial error, and calls for a reversal of the judgment. The introduction of such testimony has been repeatedly disapproved in this circuit, Glover v. United States, 147 F. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184; Grantello v. United States (C. C. A.) 3 F. (2d) 117; Wilson v. United States (C. C. A.) 4 F.(2d) 888; Tucker v. United States (C. C. A.) 5 F.(2d) 818; Terzo v. United States (C. C. A.) 9 F.(2d) 357; and in other circuits also, Guilbeau v. United States, 288 F. 731 (C. C. A. 5); Newman v. United States, 289 F. 712 (C. C. A. 4); Mercer v. United States, 14 F.(2d) 281 (C. C. A. 3).

[10] The twenty-first assignment of error challenges the action of the court in denying motion for directed verdict in favor of defendant at close of the government's case.

The record discloses that defendant introduced evidence in his own behalf after the denial of the motion. The error, if there was one, was thereby waived. Youngblood v. United States, 266 F. 795 (C. C. A. 8); Lucas v. United States, 15 F.(2d) 32 (C. C. A. 8), opinion filed October 4, 1926.

[11] The twenty-second, twenty-fifth, and twenty-sixth assignments of error attempt to raise the question whether the court erred in not directing a verdict for defendant at close of all the evidence. As no motion was made for a directed verdict at that time, there is no foundation for these assignments of error.

The twenty-third assignment of error sets up the claim that no crime was charged against defendant. We have examined the indictment and find it sufficient.

We have also examined the remaining assignments of error, but have found nothing calling for special mention.

For the errors pointed out, the judgment must be reversed, and a new trial granted. It is so ordered.