## NEW YORK ELECTRIC EQUIPMENT CO. v. BLAIR.

(Circuit Court of Appeals, Second Circuit. April 8, 1897.)

1. NEGLIGENCE—PERSONAL INJURIES—EVIDENCE OF NOTICE TO DEFENDANT.

In an action for personal injuries, evidence of notice to the defendant, before the injury, of the nature of the dangers to be apprehended, and of the unsafe practices which he is employing, is competent upon the question of his negligence by the use of methods which he knew, or ought to have known, were hazardous.

2. SAME—OPINION EVIDENCE.

In an action to recover damages alleged to have been caused by the negligence of the defendant in hoisting pipes, it is not competent for a witness, called as an expert, to state whether it is necessary, in the proper performance of duty in hoisting pipe, that certain specified precautions should be taken, since the question is one which the jury can determine upon a statement of the facts.

3. TRIAL—OBJECTIONS TO EVIDENCE.

An objection to a question, on the ground that it is immaterial, irrelevant, and incompetent, is insufficient, if the particular fault relied upon is not otherwise pointed out, and is such as, if stated at the trial, could have been obviated.

4. APPEAL AND ERROR—EVIDENCE—WAIVER OF OBJECTIONS.

By the admission, without objection, of irrelevant testimony, showing all the facts upon a topic which might, on objection, have been excluded, a party waives any reversible error in the admission of subsequent testimony of the same character.

Error to the Circuit Court of the United States for the Southern District of New York.

This is a writ of error to review the judgment of the circuit court of the United States for the Southern district of New York, which was entered upon a verdict in favor of the plaintiff for $15,000, in an action brought to recover damages for severe personal injuries received by the plaintiff in consequence of the alleged negligence of the defendant's servants. The accident occurred on April 1, 1895, in the extension of a building on Elm and Leonard streets, in New York City. The plaintiff was in the employ of Otis Bros., constructors of passenger elevators, and was at work in elevator shaft No. 1, on a platform about six feet above the fourth floor. The defendant was equipping the building with electrical appliances, and its employés were hoisting iron pipes of ten feet in length and an inch in diameter, in bunches of six, from the first floor to the ninth floor, in elevator shaft No. 3. There were four shafts, which were apparently close to each other. The pipes in each bundle were tied together by a rope twisted around them near the bottom of the bundle, and looped about them again towards the top. No bagging or canvas was placed around the lower ends of the pipes, and the coupling ends were intended to be placed at the top of the bundle, so as to form a sort of cone, with the larger ends upward. The plaintiff offered evidence tending to show that the defendant's workmen who were attending to this business, were warned to be careful, and were told that the right way to raise the pipes was to roll canvas on the bottom of the bundle, and make a hitch from the bottom and around the canvas; that a bundle passed the fourth floor in its upward ascent, with one pipe projecting below the other pipes, with its coupling end downwards; that a pipe forthwith came down the same shaft, and struck a cross beam between the second and third shaft above the fourth floor; that this pipe struck the plaintiff, threw him to the fourth floor, broke his lower jaw, lacerated his scalp, and that permanent partial motor paralysis of the right side was the result, which will probably be progressive, and entirely prevent his working again. The defendant's testimony tended to show the safety of the method of securing the bundles, the care with which they were tied, and the improbability that a pipe fell from a bundle. The defendant also urged the inability of the plaintiff to prove that its pipe fell and inflicted the injury.

Edward C. James, for plaintiff in error.

Frank Dudley Tansley, for defendant in error.

Before PECKHAM, Circuit Justice, and WALLACE and SHIP-
MAN, Circuit Judges.

SHIPMAN, Circuit Judge (after stating the facts as above). Upon
the writ of error, the defendant relied much upon the alleged error
of the trial judge in refusing to grant a motion, at the close of the
testimony on both sides, to direct a verdict for the defendant upon the
ground that the plaintiff's testimony presented no adequate question
of fact to go to the jury, and that a cause of action had not been
proven.    The statement of what has been given of the facts which
the plaintiff attempted to show directly, or to have inferred from
proven facts, is sufficient to indicate that he undertook to prove that
his injury was occasioned by the negligent conduct of the defendant's
servants, and against which they had adequate warning.    An ex-
amination of the record leads to the conclusion that the jury were
justified in finding that the plaintiff had sustained the burden of
proof which he took upon himself, and in finding that his injury was
caused by the undue and improper carelessness of the defendant's
employés in attempting to hoist bundles of inadequately protected
iron pipes to the ninth story of the building.    The remaining excep-
tions, save one, were in regard to the admission or rejection of testi-
mony.

A witness for the plaintiff testified that on the day of the acci-
dent, and before it occurred, and on the preceding day, he notified the
men who were hoisting pipe of the necessity of care.    Another wit-
ness testified that on the morning of the accident he told the men
who were assisting in hoisting pipe on the ground floor that the
proper way was to wrap canvas around the bottom of the bundle for
the purpose of holding the pipes fast.    An overruled objection was
taken to the testimony of the first witness that it was immaterial and
incompetent upon the question of negligence, but notice to the defend-
ant, before an injury, of the nature of the dangers to be apprehended
and of the unsafe practices which he is employing, is competent upon
the question of his negligence by the use of methods which he knew,
or ought to have known, were hazardous to the lives of those who are
necessarily exposed to the danger.    Brady v. Railway Co., 127 N. Y.
46, 27 N. E. 368.    The defendant moved to strike out the testimony
of the second witness, because it did not appear that the conversa-
tion was with one of its employés.    The denial of the motion is the
ground of an exception.    There was enough evidence to justify the
conclusion that the person who was notified was not only not a volun-
teer workman, but was doing electrical work in the employment of
the defendant.    The defendant thereupon called a steam fitter and
engineer of 35 years' experience in hoisting pipes and tying pipes in
bundles, and asked him this question: "Do you know whether it is
necessary, in the proper performance of duty in hoisting pipe, that
there should be bagging attached to the end of the pipe?"    The
plaintiff's objection to the competency of the proposed testimony, and
to the similar questions which called for the opinion of the witness

79 F.—57

upon the safety of the method which was used, were sustained, and the defendant excepted. It is well understood that the opinions of experts can be given upon questions of science, art, nautical skill, and the class of subjects which require, in·order to be understood, special knowledge and study, and in regard to which the jury would therefore be in a state of uncertainty without the aid of those who have been specially instructed. Transportation Line v. Hope, 95 U. S. 297. Especially is this true when the knowledge is attained by reasoning rather than by descriptive facts. Schwander v. Birge, 46 Hun, 66. So that the mere fact that the opinion of an expert may be upon the question which the jury is to decide is not sufficient to exclude the testimony; but there is a very large class of practical questions upon which a jury is perfectly competent to decide, after having become acquainted with the facts as they existed at the time of the transaction, and in the history of the subject to which the questions relate. For example, the witness could properly state the relative efficiency of different methods of hoisting pipe; but when he was asked to state whether it was necessary, in the proper performance of duty, to attach bagging to the end of the pipes, he was asked the question which the jury could determine upon a statement of simple facts. The province of expert testimony is well stated in Schwander v. Birge, supra, as follows: "The governing rule declared from the cases permitting the opinion of witnesses is that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge which exist in reasons rather than descriptive facts, and therefore cannot be intelligently communicated to others not familiar with the subject, so as to possess them with a full understanding of it." So, also, if "the facts cannot be adequately placed before the jury so as to impress their minds as they impress the mind of a competent skilled ·observer," expert opinions are allowed. Ferguson v. Hubbell, 97 N. Y. 507. The expert testimony in this case was properly excluded. Railroad Co. v. Van Dyke, 18 C. C. A. 632, 72 Fed. 458; Harley v. Manufacturing Co., 142 N. Y. 31, 36 N. E. 813; Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. 486.

The plaintiff called a physician, who had qualified himself as an expert upon mental and nervous diseases, and had made three examinations of the plaintiff, and who stated the character of the disease under which the plaintiff was suffering; that it would be, with reasonable probability, progressive; and that his mental power would also diminish. The defendant objected to the questions upon this subject that they were incompetent and not part of the res gestæ. One question was objected to as immaterial, irrelevant, and incompetent. The point is now made that the testimony was incompetent, because competent testimony must be predicated upon facts explicitly stated and communicated to the jury. This objection is valueless for at least two reasons. The first is that the objection, when taken, did not state the particular fault which is now relied upon, and which, if stated at the trial and if true, could easily have been obviated. The alleged error is a specimen of a practice not to be encouraged, which is to object with a rattle of words that

conceal the real nature of an objection capable of being removed on the spot, and to announce its true character for the first time in the appellate court. In Noonan v. Mining Co., 121 U. S. 393, 7 Sup. Ct. 911, the introduction of articles of incorporation was objected to because they were "immaterial, irrelevant, and incompetent" evidence. Upon the specific objection, which was urged upon the writ of error, that they were not sufficiently authenticated to be admissible, Mr. Justice Field said:

"The objection 'incompetent, immaterial, and irrelevant' is not specific enough. The rule is universal that, when an objection is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal, unless it be of such a character that it could not be obviated at the trial. The authorities on this point are all one way. Objections to the admission of evidence must be of such a specific character as to indicate distinctly the grounds upon which the party relies, so as to give the other side full opportunity to obviate them at the time, if under any circumstances this can be done."

The alleged ground upon which the objection was based did not exist to any material extent. The witness testified that he found the patient suffering from partial motor paralysis of the right arm and leg, and that from his professional experience such a condition is a progressive one. The circumstances of the paralysis might have been stated with more diffuseness, but the character and nature of the disease which were ascertained, not by hearsay nor by listening to the testimony, but by personal observation, were communicated to the jury. Griswold v. Railroad Co., 115 N. Y. 61, 21 N. E. 726; McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062. The plaintiff had testified without objection that before the accident he was getting $2.25 per day; that his wife and two children, a boy and a girl, were dependent upon him for support; and that he had no property. The next question, "How old is the little girl?" was objected to and admitted. The plaintiff answered, "Eleven years." The point is now made upon the authority of Pennsylvania Co. v. Roy, 102 U. S. 451, that the testimony was inadmissible. The kind of testimony which the Roy decision excludes had been received without objection, and the defendant had permitted the irrelevant matter to go to the jury. By the admission, with consent, of all the objectionable facts, the defendant waived any reversible error in the admission of subsequent testimony of the same character. The remaining error which is assigned is the refusal of the court to charge the jury that the use or nonuse of bagging by the defendant is not necessarily negligence. As the omission to protect the rods by canvas was the fact upon which the question of negligence substantially turned, the court declined, as a matter of course, to charge the jury that the omission was not necessarily negligence. The judgment of the circuit court is affirmed, with costs.