FIREMAN'S INS. CO. OF BALTIMORE v. J. H. MOHLMAN CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1898.)

No. 84.

1. OPINION EVIDENCE—ADMISSIBILITY—SCOPE OF EVIDENCE.

It is not a valid objection to opinion evidence that the opinion covers the whole ground of the inquiry which the jury are to decide, if the case is one to be fully resolved by opinion evidence.

2. INSURANCE—ACTION ON POLICY—OPINION EVIDENCE.

The opinion of a witness is not admissible upon the general question whether the fall of a building preceded or followed a fire. While some of the matters entering into the question are proper subjects of expert testimony,—such as the strength and carrying capacity of the building, and the origin and probable duration and intensity of the fire,—if the testimony is based on proper data, the ultimate question is a mixed one, requiring the consideration of various established or inferential facts, from which a conclusion can be drawn as correctly by the jury as by an expert.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by the J. H. Mohlman Company against the Fireman's Insurance Company of Baltimore on a policy of fire insurance. There was a judgment for plaintiff, and defendant brings error.

Michael H. Cardozo, for plaintiff in error.

Treadwell Cleveland, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. Upon the trial of this action there was a verdict for the plaintiff, and the defendant has brought this writ of error from the judgment entered upon the verdict to review rulings on the trial of which error is assigned. The action was on a policy of insurance, and was brought to recover a loss to the plaintiff's stock of merchandise contained in the brick building situate at 38 and 40 North Moore street, New York City. The defense was based upon the following clause in the policy: "If a building, or any part thereof, fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The assignments of error which present the most important question are those which impugn the rulings of the trial judge in excluding opinions of witnesses offered by the defendant.

The principal issue contested on the trial was whether the fall of the building preceded the fire, or the fire preceded the fall. The building was of five stories, 50 feet in width, and 20 feet deep. The fire took place April 30, 1895. The defendant introduced evidence tending to show that the building fell at 1 o'clock a. m.; that the building was loaded with contents beyond its carrying capacity; that the gas was burning on the lower floor shortly before it fell;

that various persons were near it shortly before it fell, observed it, and saw no indications of fire; and that other persons, who reached the place just after the fall, did not discover any flame, but saw them break out subsequently.

The defendant produced as a witness one Freel, who was a captain in the fire department of the city of New York, and who for the past three years had been detailed as an expert examiner in the office of the fire marshal for the purpose of ascertaining the origin of fires, and during that time had examined into the cause of about 3,500 fires. The witness testified that upon his arrival at the fire he made an examination as to the origin thereof, and continued such examination during the time he was there for the purpose of ascertaining the cause, and that he formed an opinion as to the origin of the fire, and whether the fall of the building preceded the fire. He was then asked, "What conclusion did you form?" The evidence was excluded, and the defendant excepted.

The defendant also produced as a witness one Cashman, chief of a battalion of the fire department, a fireman of 31 years' experience. He testified that he attended this fire, having arrived there about 10 minutes after 1 o'clock, and remained 5 or 6 hours; that afterwards, from time to time, for 10 or 12 days, he went there, and examined the ruins; that he did this in order to satisfy himself whether the building came down by fire or collapse, and that he did satisfy himself. The witness was thereupon asked: "Did you come to a conclusion, from the examination you made during the six or seven hours the fire was burning, and for ten or twelve days thereafter?" The evidence was excluded, and the defendant excepted.

The defendant also produced as a witness one Purdy, a civil engineer, who testified that he had made a special study of the strength of materials, and had been connected with the erection of a great many large buildings in the city of New York; that in 1895 he was employed by the insurance companies to examine the ruins of the building in question; and that he made a number of visits to the building, beginning on May 24, 1895. The witness then described the character of the ruins, and his examination thereof during several visits, and he also testified as to the dead load which each post bore, and the live load thereon, using for that purpose the testimony of witnesses who had given the contents of the building; and he also testified as to what was a safe or proper load to be carried by such posts as were in the building. He was then asked the following question: "From your examination of the ruins of the Mohlman Building, did you form any opinion as to whether the fire preceded the fall or the fall preceded the fire?" Having answered that question in the affirmative, he was asked to state his opinion. The evidence was excluded, and the defendant excepted.

The rulings excluding the opinions of all of the witnesses may conveniently be considered together.

The rule permitting opinion evidence concerning matters beyond the range of ordinary observation and intelligence to be given by those whose peculiar knowledge contributes exceptional value to

their conclusions is familiar, and is of very frequent application in practice. It is not a valid objection that the witness is not an expert skilled in the particular subject by special study, practice, or experience, if he speaks from personal observation, and founds his opinion upon complex facts, which cannot in all their relations be intelligently presented to a jury. Expert witnesses are permitted to give their opinion upon a given state of facts hypothetically presented, whether personally cognizant or not of some or all of the facts of the particular case. Nonexpert witnesses are allowed to give their opinions when cognizant of the particular facts, but only when the inquiry involves the consideration of those which it is not practicable to place palpably before the jury. Nor is it a valid objection to opinion evidence that the opinion covers the whole ground of the inquiry, which the jury are to decide, if the case is one to be wholly resolved by opinion evidence. This court, in Equipment Co. v. Blair, 25 C. C. A. 216, 79 Fed. 898, has had occasion recently to consider the general subject, and stated the rule which obtains. The rule in its various aspects has been frequently considered in the adjudged cases where insanity was in question, and the issue was whether a testamentary disposition, a contract, or a suicide by the assured in a life policy, was that of an insane person. Insurance Co. v. Lathrop, 111 U. S. 612, 4 Sup. Ct. 533, may be referred to as one of the cases in which all of the subdivisions of the general rule are discussed. And as illustrating the different views by different courts of the propriety of allowing opinion evidence upon insanity by nonexperts, based upon their personal observation, it is noticeable that the courts of last resort of New York, Massachusetts, and Pennsylvania exclude such evidence, and the courts of nearly all the other states and of the United States allow it. 2 Am. & Eng. Enc. Law, 162, 163.

In the present case the conclusion whether the building fell before the fire depended upon the consideration of various established or inferential facts. Was fire actually seen in it before the fall? Was it so overloaded as to naturally account for the fall without fire? Were there any facts indicating the existence of an obscure fire previous to the fall, and, if so, did they indicate one of sufficient duration or intensity to account for the fall?

Opinion evidence from experts to show the carrying capacity of the building was competent, and was introduced by both parties. Opinion evidence to show at what part of the building the fire originated, and its probable duration or intensity, if based upon specific evidence consistent with the theories of the witnesses, would doubtless have been competent, as the inquiry would have been one involving expert knowledge of cause and effect, or the deduction of eye witnesses from primary facts which could not be graphically delineated. Given this evidence, and the jury would have been as well qualified as any witness could be, expert or nonexpert, to decide the general question whether the fall preceded the fire.

The evidence excluded did not fall within either category. The opinions sought were not on a question of science or skill ex-

clusively, but were upon a mixed question, depending upon expert knowledge and such probabilities as any intelligent man could deduce from established facts as correctly as an expert or an eye-witness. The effect of the evidence would have been to substitute the conclusions of the witnesses for the judgment of the jury upon facts which the latter were as well qualified as experts to weigh and decide, as well as upon other facts or inferences as to which they might have been enlightened by opinion evidence. Such evidence is not admissible, whether offered by experts or other witnesses. We agree with the views expressed in Teerpenning v. Insurance Co., 43 N. Y. 281: "The cases in which opinions of witnesses are allowable constitute exceptions to the general rule, and the exceptions are not to be extended or enlarged so as to include new cases, except as a necessity to prevent a failure of justice,—as when better evidence cannot be had."

Error is also assigned of the ruling of the trial judge excluding evidence sought to be elicited by the defendant upon the cross-examination of the plaintiff's president, who was a witness for the plaintiff. He was asked whether a building previously occupied by the plaintiff did not collapse in consequence of overloading. This evidence was clearly irrelevant, and would have injected a false issue into the trial. The answer would not have tended to affect the credibility of the witness, and consequently was no more competent upon cross-examination than it would have been if offered in chief by the defendant. There was no pretense upon the trial that the building had been intentionally overloaded, and no light upon motive derived from the previous occurrence was of any value.

We have examined the other rulings upon the trial of which error is assigned in excluding evidence, and do not regard them as sufficiently meritorious to require notice. The refusal of the trial judge to instruct the jury as requested by the defendant concerning the building laws of New York was not prejudicial to the defendant, because the instruction, although not given in the language requested, was given in substance.

We find no error in the record, and the judgment is therefore affirmed.