### COMMONWEALTH *vs.* WILLIAM RODZIEWICZ.

Worcester.    September 30, 1912. — October 19, 1912.

Present: RUGG, C. J., LORING, BRALEY, & DeCOURCY, JJ.

*Evidence,* Opinion: experts.

The rule, that a witness not an expert may be allowed to state a conclusion of fact at the time of his observation in regard to matters which are capable of being understood by men in general and which cannot be reproduced before the jury as they appeared to the witness, does not make admissible the conclusion of a witness as to the kind of fire that would produce the conditions that he observed when he examined a certain building.

At the trial of an indictment for wilfully and maliciously burning a building occupied in part by the defendant, an expert in the investigation of fires should not be allowed to testify to his opinion as to the kind of fire that would char an ordinary mop-board, sheathing and partition and burn holes in an ordinary wooden floor without any charring or burning between the different surfaces, this being a matter of ordinary experience or knowledge such as men in general understand and comprehend.

INDICTMENT, found and returned on May 15, 1912, for wilfully and maliciously burning a building, a part of which was occupied by the defendant.

At the trial in the Superior Court before *Hall,* J., the Commonwealth called as a witness a member of the State police who in the course of his duty had had a large experience in investigating fires and had testified many times as an expert in fire cases. Against the objection and under the exception of the defendant he was allowed to testify that in his opinion based upon an investigation of the premises made on the day of the fire there had been six separate fires in the three rooms occupied by the defendant on the ground floor of the building. The witness then testified to his reasons for this conclusion. His reasons were in substance that he found at six different places that the mop-board or the sheathing or the partition or the floor had been charred or

burned without any charring or burning between, and that in one instance debris between, consisting of "coverings to oranges and stuff of that character that comes out of a store — paper," had not been burned and "was intact." He also testified that in four different places holes had been burned through the floor although the floor appeared to be in a damp condition; also that there was water under the floor which came within six or seven inches of the floor, and that the water was clear so that the ground under the floor could be seen, and that there was "no debris or anything" in it. After the witness had given this description of what he found to be the condition of the premises, against the defendant's objection and under his exception the prosecuting attorney was allowed to ask this question: "How do you draw any conclusion, Mr. Molt, from those holes in the floor, which you have described, as to the kind of fire which would produce that effect or would burn in that way?" and the witness was allowed to testify: "From what I saw there, the conditions underneath the floor, and the burning through, and small burning in this back room, something of a very intense nature must have been on these particular places to have set there and burned through this floor."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. W. Blake,* for the defendant.

*J. A. Stiles,* District Attorney, & *E. T. Esty,* Assistant District Attorney, for the Commonwealth, submitted a brief.

LORING, J. The testimony of the witness as to the conclusions drawn by him from what he saw was not admissible as the conclusions made by an ordinary witness from observation of things which cannot be reproduced and therefore although involving opinion admitted *ex necessitate,* as to which see *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133; *Beverley* v. *Boston Elevated Railway,* 194 Mass. 450; *Partelow* v. *Newton & Boston Street Railway,* 196 Mass. 24; *Jenkins* v. *Weston,* 200 Mass. 488.

Doubtless there are cases where the effect of some kinds of fire upon some kinds of material substance is not a matter of ordinary experience or knowledge such as men in general understand and comprehend. But the kind of fire or fires which char ordinary mop-boards, sheathing and partitions and burn holes through an ordinary wooden floor without any charring or burning between

is not one of them. See in this connection *State* v. *Watson*, 65 Maine, 74; *Wood* v. *Chicago, Milwaukee & St. Paul Railway*, 40 Wis. 582; *Higgins* v. *Dewey*, 107 Mass. 494; *Lyman* v. *State Mutual Fire Ins. Co.* 14 Allen, 329; *Fireman's Ins. Co.* v. *J. H. Mohlman Co.* 33 C. C. A. 347; 91 Fed. Rep. 85.

The entry must be

*Exceptions sustained.*