BEACH FRONT HOTEL CO. v. SOOY.

(Circuit Court of Appeals, Third Circuit. December 23, 1913. Rehearing Denied February 24, 1914.)

No. 1605.

EVIDENCE (§ 382*)—PHOTOGRAPHS—EXCLUSION—DISCRETION OF COURT.

On an issue as to whether the ocean high-tide mark crossed certain lots at the times when they were conveyed, the exclusion of a photograph of the locality taken six years after one conveyance and four years after the other, and of a government coast map made about the same time, was within the discretion of the court, where the evidence as to the location of the high-water mark at the time of the conveyances and afterward was conflicting, and there was no direct evidence that it was in the same place when the photograph was taken and the survey made as when the conveyances were made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1658, 1659; Dec. Dig. § 382.*]

On rehearing. Judgment affirmed.

For former opinion, see 197 Fed. 881, 118 C. C. A. 579.

Gilbert Collins, of Jersey City, N. J., for plaintiff in error.

Robert H. McCarter, of Newark, N. J., for defendant in error.

Before GRAY and McPHERSON, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This court on writ of error affirmed the judgment of the court below in July, 1912. 197 Fed. 881, 118 C.

C. A. 579. Subsequently the court granted a petition of the plaintiff in error for a rehearing, but confined it to the questions raised by the 13th, 16th, 18th and 19th assignments of error.

The fundamental question in this case is whether or not at the time of the execution by the Ocean City Association to Charles Matthews, under whom Richard R. Sooy, the defendant, claims, of the two deeds of July 26, 1880, and September 4, 1882, respectively, the ordinary high-water mark of the Atlantic Ocean extended across and cut off the front of the lots in Ocean City, numbered from 985 to 995, both inclusive, conveyed by the above deeds, and lying to the northwest of the northwesterly side of Atlantic Avenue. If it did not the Beach Front Hotel Company, the plaintiff, was entitled to a verdict; but if it did the defendant was so entitled. The plaintiff, in order to sustain the contention that at the time of the execution of the above two deeds the ocean at ordinary high tide did not encroach on the lots thereby conveyed, or any of them, or any part thereof, made certain offers of proof which were rejected by the court below. The assignments now before us on rehearing relate to the rejection of these offers.

The thirteenth assignment is founded on the refusal by the court below to permit Townsend Godfrey, a witness for the plaintiff, to answer the following question asked by the plaintiff's counsel, "What is the scene?" This inquiry had reference to a photograph taken in 1886 in the presence of the witness, purporting to show the configuration of the beach and certain buildings referred to by sundry witnesses for the defendant. Unless the photograph either by itself or in connection with the evidence in the case showed or tended to show that the line of ordinary high tide did not encroach upon the lots, or any of them, conveyed by the Ocean City Association to Matthews by the deeds of 1880 and 1882, the excluded question was immaterial and improper. The photograph was taken six years after the execution of the first deed to Matthews and four years after the execution of the second. Owing to the shifting nature of the beach, it is obvious that, while the photograph standing alone, if clear and definite on its face, might be evidence tending to show where with respect to the locus in quo the line of high water was at the time it was taken, it could afford no reliable evidence of the locality of that line in 1880 or 1882. We have carefully examined this photograph and think it fails to show that at the time it was taken the line of ordinary high tide did or did not touch or encroach upon the lots, or any of them; or to what extent, if any, there was such encroachment or failure to encroach. The admission in evidence of the photograph, considered in and by itself, would have been improper on at least two grounds: First, that upon its face it is too indefinite as to the locality of the line of ordinary high tide with respect to the lots conveyed to Matthews, and, secondly, the time it was taken was too remote from the execution to Matthews of the deeds for such lots. The photograph, even if clear on its face, would have neither added to nor detracted from the force of the other evidence on the vital point in the case; but would as to that point, if admitted, have been confusing to and calculated to mislead the jury. To render it material, as it would have been too remote, taken alone,

it was necessary that it should by proper evidence have been shown to bear such relation to the physical condition of things in 1880 and 1882 as to lend it some legitimate probative force. No one has testified directly that it represents the same or substantially the same conditions with respect to the locus in quo as existed six or four years respectively theretofore. There is testimony, it is true, tending to show that during certain years or times after the execution of the deeds to Matthews and before the taking of the photograph, the ocean substantially encroached upon the shore, and that during that period the ocean did not substantially recede; and it is urged by the plaintiff that, if in 1886 the line of high-water mark as claimed to be shown by the photograph did not encroach on or touch the lots conveyed to Matthews, much less could it have so encroached on or touched them in 1880 and 1882. But the evidence on the subject was not so clear and uncontradicted as to make it obligatory on the court below to receive the photograph or to allow the question, which was excluded. There was conflicting evidence as to changes in the beach after 1883 and before 1886. The contention of the plaintiff that there was either no change in the line of high-water mark between 1880 and 1886, or, if a change, that it was landward or westwardly, was not so clearly supported by the evidence as to show an abuse of judicial discretion in excluding the proposed evidence touching the photograph. Certain decisions have been referred to by the plaintiff on the subject of remoteness of evidence in point of time, but they are distinguishable from this case, and not controlling or even persuasive here. Judicial discretion is an important factor in the determination of objectionable remoteness, and we are not prepared to hold that it was abused in this connection.

The sixteenth assignment is based on the refusal by the court below to admit in evidence a United States Government map of a survey in 1886 of the coast line at Ocean City. It shows the line of ordinary high tide at the time the survey was made and that it did not then encroach upon any portion of the lots conveyed in 1880 and 1882 to Matthews. For reasons similar to most of those given in the consideration of the thirteenth assignment, the sixteenth assignment must be overruled.

The eighteenth assignment is based upon the action of the court below in overruling an offer in evidence by the plaintiff of a certain newspaper advertisement in 1889, presumably published by the defendant, in which it was stated that the defendant's hotel was at a distance of sixty yards from the surf; the offer having been made for the purpose of contradicting the defendant with respect to some of his testimony. Assuming that the defendant was responsible for the advertisement, it is not at all clear to us that it contradicts or prejudicially affects his testimony; and it was certainly too remote to serve either in and by itself, or in connection with the other proofs, as evidence of the location of the line of high-water mark in 1880 and 1882 with respect to the lots conveyed to Matthews in those years respectively. The eighteenth assignment must be overruled.

The nineteenth assignment is founded on the refusal of the court

below to admit in evidence an advertisement containing a picture of the defendant's hotel, published in an annual of the Ocean Beach Association in 1885, claimed by the plaintiff to be inconsistent with a certain photograph taken in March, 1883, and proved by the defendant. For reasons similar or analogous to those stated with respect to the eighteenth assignment, the nineteenth assignment must be overruled.

While the photograph, map, advertisements and pictures referred to in the four assignments might have been admitted in evidence, accompanied with proper instructions from the court, we are not able to hold that their rejection constituted an abuse of discretion amounting to reversible error.

The judgment below must be affirmed, with costs, and it is so ordered