## COOK–O'BRIEN CONST. CO. v. CRAWFORD.

Circuit Court of Appeals, Ninth Circuit.
May 28, 1928.

Rehearing Denied July 2, 1928.

No. 5369.

1. Trial ⬅127—Defendant's report to employees' liability insurer held not inadmissible because tending to prove defendant was insured.

In action for injuries sustained while plaintiff was working as employee of defendant, in which defendant's answer alleged that plaintiff was not its employee but a subcontractor, copies of reports by defendant's construction superintendent to defendant's liability insurer, in which plaintiff was designated as employee, were not rendered inadmissible because of their tendency to prove that defendant was insured.

2. Trial ⬅83(2)—Objection that paper is incompetent, irrelevant, and immaterial does not present objection not discernible, in absence of specification of its precise nature.

A general objection that a paper offered in evidence is incompetent, irrelevant, and immaterial is not ground for its exclusion, unless the materiality, irrelevancy, or incompetency is clearly manifest, and it has no effect to present a ground of objection not discernible, in the absence of a specification of its precise nature.

3. Witnesses ⬅392(1)—Reports in witness' handwriting held admissible to impeach his testimony that plaintiff was not defendant's employee but subcontractor, against objection papers were not originals.

Where defendant's superintendent of construction testified that plaintiff, suing for personal injuries, was not an employee of defendant, but a subcontractor, copies of reports to liability insurer designating plaintiff as employee, being in witness' handwriting, held admissible to impeach his testimony, as against objection that papers were not original documents and that no effort had been made to obtain the originals.

4. Evidence ⬅382—Sufficiency of proof to authorize admission of instruments, reciting that plaintiff was subcontractor, not employee, held addressed to trial court's sound discretion.

In action for personal injuries sustained while working as employee of defendant, in which defendant's answer alleged plaintiff was not its employee but a subcontractor, sufficiency of proof to authorize admission of receipt purporting to have been signed by plaintiff, and statement of account containing recitals that plaintiff was contractor and not employee, was addressed to trial court's sound discretion.

5. Appeal and error ⬅221—Objection that verdict was excessive held not available, where raised for first time in reviewing court without showing it violated local Liability Act (Civ. Code Ariz. 1913, pars. 3153–3162).

Assignment of error that trial court erred in accepting verdict of $12,500 for injuries because it was excessive under the evidence held not available to defendant in reviewing court, where no objection was presented in trial court against its acceptance or entry of judgment thereon, and it was not shown that it was contrary to Employers' Liability Act Ariz. (Civ. Code 1913, pars. 3153–3162) on which recovery was based.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by L. L. Crawford against the Cook–O'Brien Construction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Chalmers, Fennemore & Nairn, J. Early Craig, and V. T. Bledsoe, all of Phoenix, Ariz., for plaintiff in error.

O'Sullivan & Morgan, of Prescott, Ariz., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error was the plaintiff in the court below in an action to recover damages for per-

sonal injuries sustained as the result of an explosion while working as an employee of the plaintiff in error, in what was alleged to be hazardous work in using blasting powder and dynamite in the construction of a tunnel. The defense relied upon by the defendant in its answer was that the plaintiff was not its employee, but was a subcontractor, and that the explosion was the result of his own negligence. The jury returned a verdict for the plaintiff in error, and judgment was rendered thereon.

[1] Error is assigned to the admission in evidence of copies of two reports made by the defendant's superintendent of construction, offered in evidence by the plaintiff, and received over the defendant's objection on the ground that they were incompetent, irrelevant, and immaterial, and not shown to be correct copies of the originals. Each report was addressed to the Maryland Casualty Company, and was entitled, "Report of Accident to an employee," one of them referring to the plaintiff and the other referring to a workman who was assisting him, and each report had been copied by the said superintendent, as he said, from a copy of the original. Before they were admitted in evidence, a strip of paper was pasted over the words "Maryland Casualty Company," which was sufficient to render them invisible, except that, when held up to a light, they could be seen through the superimposed paper.

The objection now urged to the ruling of the court below is that the reports addressed, as they were, to the casualty company tended to show that the defendant was insured against liability for injuries sustained by its employees. But the reports contained distinct statements that the plaintiff and his assistant were employees, and indicated that the plaintiff was not working as a contractor. If they were admissible upon an issue, which, as we have seen, was material, they were not subject to exclusion on the ground that they might tend to prove a fact which the plaintiff was not permitted to prove. Southern Pac. Co. v. Schoer (C. C. A.) 114 F. 466, 57 L. R. A. 707.

[2, 3] Another ground for sustaining the trial court's ruling is that the attention of the court was at no time directed to the fact that the jury might discover from an inspection of the reports that they were addressed to a casualty company. A general objection that a paper offered in evidence is incompetent, irrelevant, and immaterial is not ground for its exclusion unless the materiality, irrelevancy, etc., is clearly manifest, and it has no effect to present a ground of objection not discernible, in the absence of a specification of its precise nature. Morgan v. United States (C. C. A.) 169 F. 242; Guarantee Co. of North America v. Phenix Ins. Co. (C. C. A.) 124 F. 170; Electric Co. v. Blair (C. C. A.) 79 F. 896. The objection that the papers produced were not original documents, and that no effort had been made to obtain the originals, was not ground for their exclusion. They were admitted to be in the handwriting of the witness, and, in any view, they were admissible to impeach his statement that the plaintiff was not an employee of the defendant, but a contractor.

[4] Error is assigned to the exclusion of two instruments offered by the defendant, one a receipt, the other a statement of account, both dated shortly after the accident. Both instruments contained words which expressed the defendant's view that the plaintiff was a contractor and not an employee. The receipt purported to bear the signature of the plaintiff, and was signed "Lloyd L. Crawford." It was excluded for want of sufficient proof of the plaintiff's signature. The statement of account was excluded for want of proof that it had ever been exhibited to the plaintiff. The defendant's superintendent, in offering the receipt, testified that he had no knowledge that the plaintiff signed it, and he admitted that it might have been signed by another. The plaintiff denied that he signed it, and he testified that he always wrote his name "Loyd," instead of "Lloyd." No expert witness was adduced to show that the signature was in the plaintiff's handwriting, and it is inferable that the court below, in excluding the receipt, compared the signature which it bore with the plaintiff's admitted signature indorsed on checks which were before the court. The question of the sufficiency of the proof to authorize the admission of the papers in evidence was addressed to the sound discretion of the trial court, and we are not convinced that discretion was abused. 22 C. J. 967; Beach Front Hotel Co. v. Sooy (C. C. A.) 210 F. 265; Gorton v. Hadsell, 9 Cush. (Mass.) 508; Koeler v. Abey, 168 Mich. 113, 133 N. W. 933.

[5] The assignment that the court erred in accepting the verdict of the jury and entering judgment thereon, notwithstanding that the evidence was insufficient to justify a verdict of such magnitude, cannot avail to bring any question before this court for review. The verdict was for $12,500. No objection was presented against its acceptance or the entry of judgment thereon. It was not shown that it was contrary to any provision of the Arizona Employers' Liability Act,

Civ. Code 1913, pars. 3153–3162. The Arizona Employers' Liability Law of 1913, the provisions of which would control decision in the present case, contain no inhibition of the entry of such a judgment as was rendered; and, while it is true that the statute of 1925 limits the amount recoverable in case of total disability to the sum of $6,500, and may be adverted to as indicating what the lawmakers of that state deemed a reasonable allowance, it furnishes this court no authority to reduce the amount of the judgment in the present case.

The judgment is affirmed.