CHARLES R. REED *vs.* CANADA DRY CORPORATION
& another.

Middlesex.    December 17, 1976. — February 28, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Evidence,* Opinion: expert; Matter of conjecture; Conviction; Impeachment of credibility; Hospital record.    *Error,* Whether error harmful.

At the trial of an action arising from a collision between a motorcycle and a tractor-trailer, it was error to admit expert testimony which in part concerned a matter which could be readily comprehended by the jury without the assistance of an expert and in other part was either speculative or concerned an ordinary question of credibility to be resolved by the jury without the aid of expert opinion. [165-166]

General Laws c. 233, § 21, does not preclude a party from introducing in evidence only one of the two convictions needed to comply with clause Fourth. [166]

At the trial of an action arising from a collision between a motorcycle and a tractor-trailer, the defendant's prior, minor traffic convictions were not made inadmissible by the fact that it was not shown he had the assistance of counsel with respect thereto. [166]

In a tort action, there was no error in excluding material in a hospital record which did not purport to be admissions of the plaintiff and involved an impermissible additional level of hearsay. [166-167]

TORT.    Writ in the Superior Court dated December 24, 1969.

The action was tried before *Garbose, J.,* a District Court judge sitting under statutory authority.

The case was submitted on briefs.

*James B. Dolan* for the defendants.

*George M. Criss* for the plaintiff.

ARMSTRONG, J.    The defendants appeal from judgments for the plaintiff for personal injuries and property damage resulting from a collision between a motorcycle driven by the plaintiff and a tractor-trailer owned by the corporate defendant and driven by the individual defendant.

The collision occurred on April 25, 1968, at a fairly sharp curve on Shore Road in Bourne. The road was approximately twenty-four feet wide. The defendants' truck and the plaintiff's motorcycle approached the curve from opposite directions, the truck's lane being the outer arc of the curve and the motorcycle's the inner. The motorcycle apparently banked sharply, turned and slid under the front pair of the trailer's left rear wheels, then became wedged between the front and rear pairs of the trailer's left rear wheels, and was dragged for a distance by the trailer leaving a marking in the road which commenced at the white centerline and diverged towards the truck's side of the road at a small but appreciable angle to the centerline. The plaintiff contended that the accident was caused by the trailer's being substantially over the line on the plaintiff's side of the road.

To prove this contention the plaintiff, in addition to his own testimony, offered the testimony of an expert witness who based his opinion primarily on certain photographs which were in evidence and which are before us showing (none too clearly) the road marks referred to. We assume (the point is not argued) that it lay within the discretion of the judge to permit the expert to explain to the jury the relationship between the path of a tractor's wheels and that of the trailer's wheels rounding a curve. But the expert should not have been permitted to give his opinion concerning the path of the truck based upon the road marks shown in the photographs. To the extent that his opinion was merely a statement of his inference that the truck's left rear wheels had travelled along the length of the road mark, it was objectionable because it concerned a matter which could be readily comprehended by the jury without the assistance of an expert. See *New England Glass Co.* v. *Lovell,* 7 Cush. 319, 321 (1851); *Commonwealth* v. *Rodziewicz,* 213 Mass. 68, 69-70 (1912); *Jackson* v. *Anthony,* 282 Mass. 540, 544 (1933); *Turcotte v. De-Witt,* 332 Mass. 160, 165 (1955); *Commonwealth* v. *Gardner,* 350 Mass. 664, 667 (1966). Had the expert gone no further, we might well have regarded that testimony as

harmless; but the expert was then asked to extrapolate backward from the start of the road mark, and to give his opinion as to the path the truck had followed prior to the start of the road mark. In answering the question, the expert appears to have supplied an unarticulated assumption that the truck's driver (the individual defendant) had not altered the direction of the truck's wheels for a period of time prior to the start of the road mark and thus had arrived at the place where the road mark began (on or slightly to the truck's side of the center line) by crossing over from the motorcycle's side of the road. That opinion, if drawn (as the expert stated at one point) solely from the photographs, was speculation. Compare *Nass* v. *Duxbury,* 327 Mass. 396, 401 (1951); *Sevigny's Case,* 337 Mass. 747, 751 (1958); *Currie* v. *Lee Equip. Corp.* 362 Mass. 765, 768 (1973); *Commonwealth* v. *Barras,* 3 Mass. App. Ct. 43, 46 (1975). If drawn from the plaintiff's testimony coupled with the photographs, it concerned an ordinary question of credibility to be resolved by the jury without the aid of expert opinion. In either event, the error cannot be regarded as harmless; the expert's opinion may well have been what led the jury to credit the plaintiff's version of the cause of the accident.

We touch briefly on two other matters argued before us which are likely to arise again on retrial. General Laws c. 233, § 21, does not preclude a party from introducing in evidence only one of the two convictions needed to comply with clause Fourth; nor, for the reasons stated in *Carey* v. *Zayre of Beverly Inc.* 367 Mass. 125, 128-132 (1975), were the defendant's prior, minor traffic convictions made inadmissible by virtue of the fact that it was not shown that he had the assistance of counsel with respect thereto. The case of *Walter* v. *Bonito,* 367 Mass. 117, 120-122 (1975), concerning impeachment by a party of his own witness, has no application to the present facts. There was no error in the exclusion of the pages of the hospital record bearing on liability. G. L. c. 233, § 79. The material in question did not on its face purport to be admissions of the plaintiff, and in any event involved an impermissible addi-

tional level of hearsay. Compare *Kelly* v. *O'Neil,* 1 Mass. App. Ct. 313, 315-316 (1973). We do not consider the defendants' further contention that the material constituted admissions by the real party in interest (the United States of America) as it has not been shown that the material represents a statement by an authorized spokesman for that party.

*Judgments reversed.*