JAMES A. WRIGHT *vs.* AMERICAN PRECAST CONCRETE. April 16, 1985. *Evidence,* Relevancy and materiality, Hospital record.

The plaintiff (Wright) brought an action against the defendant (Precast) seeking damages for personal injuries he claimed he suffered as a result of Precast's negligence. The jury found that Wright's negligence was fifty-one percent of the cause of his injuries, and judgment entered for Precast. See G. L. c. 231, § 85. On appeal, Wright argues that certain evidence which the jury might have relied upon in reaching its verdict was inadmissible and prejudicial. We agree and reverse.

Wright sustained his injuries when he fell ten to twelve feet to the ground from a ladder upon which he was standing while repairing Precast's overhead garage doors. He claimed that Precast maintained its premises in a negligent manner, leaving grease and oil spots on the floor, which caused the ladder to slip and him to fall.

Precast countered with evidence of negligence on Wright's part in that: (1) although he could have done so, he failed to spray the floor area with "Speedy Dry," a substance which absorbs grease and oil and which Precast had on hand; and (2) he had consumed alcoholic beverages on his lunch break prior to his fall from the ladder. Wright's claims of error concern the admissibility of the evidence of his alleged drinking on his lunch break.

1. A witness was allowed to testify (by use of his deposition due to his unavailability at trial) that when Wright returned from his lunch break, he "appeared" as if he had been drinking. The witness stated that he "smelled liquor on [Wright's] breath," and he described Wright's eyes as "glassy." Wright contends that this evidence should have been excluded because, if believed, it shows only that Wright had consumed alcoholic beverages at the time of his fall. We think that the evidence goes further. From that description of Wright, a jury could reasonably infer that when Wright returned from lunch and climbed up the ladder, he was under the influence of intoxicating beverages. Such evidence is relevant to the issue of whether Wright contributed to the cause of his injuries. See *Holton* v. *Boston Elev. Ry.*, 303 Mass. 242, 245-246 (1939), and cases therein cited. Therefore, that evidence was correctly admitted.

2. Additional evidence as to Wright's consumption of alcoholic beverages was, however, wrongfully admitted. The fact that Wright usually drank six to ten glasses of beer a day was put before the jury in the form of hospital records, introduced under G. L. c. 233, § 79, our hospital records statute. Precast offered those records, including a sheet labeled "History And Physical Sheet," which contained the following notation: "Gave up smoking 4 yrs. ago. Drinks beers — 6-10/Day." Precast erroneously argues that because that statement relates to Wright's treatment and diagnosis (see *Commonwealth* v. *Franks*, 359 Mass. 577, 579 [1971]; *Commonwealth* v. *Gogan*, 389 Mass. 255, 263 [1983]), the statement is admissible under § 79.

A hospital record is not admissible in evidence under § 79 simply by reason of the fact that it meets the criteria set out in *Bouchie* v. *Murray*, 376 Mass. 524, 531 (1978). The proffered statement must also satisfy the most fundamental rule of evidence, relevancy. "Although we hold that the hospital records, standing alone, were competent as proof of the medical facts recited therein, the records, to be admissible, must have been relevant also to a material issue of the case." *Commonwealth* v. *Copeland*, 375 Mass. 438, 442 (1978).

There is nothing in the record appendix which suggests that the statement was relevant to any issue in the case other than whether Wright was under the influence of liquor at the time of his fall. As to that issue, the statement had no relevance on the question of Wright's condition the day that he fell. The fact that a person drinks six to ten beers a day does not mean that he consumes the beer at lunch. See *Brownhill* v. *Kivlin*, 317 Mass. 168, 170-171 (1944); *Davidson* v. *Massachusetts Cas. Ins. Co.*, 325 Mass. 115, 122-123 (1949). See also Liacos, Massachusetts Evidence 423 (5th ed. 1981).

Because the statement was not relevant to any material issue in the case, other than to provide a basis for an improper inference, there was a "quite satisfactory reason for excluding it," *Green* v. *Richmond*, 369 Mass. 47, 59 (1975), upon proper objection.

3. Wright timely objected to the offensive portion of the hospital record and asked to approach the bench, but he was not allowed to do so. Wright did all that he could to comply with Mass.R.Civ.P. 46, 365 Mass. 811 (1974), and, therefore, we need not consider Precast's claim that a "general objection may be overruled if the testimony objected to is admissible for any purpose." *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 884 (1978). Were we to consider the claim, we would point out that as the statement was not admissible for any purpose, the objection, even if a general one, should have been sustained and the statement excluded. See *Jacobs* v. *Hertz Corp.*, 358 Mass. 541, 543 (1970). See also Liacos, *supra* at 73.

4. Wright's coworker denied that Wright had consumed alcoholic beverages and he described the floor at Precast as "covered with grease." One of Precast's employees also testified to the presence of oil and grease on the floor. After Wright fell, this employee went to him immediately, and he detected nothing about Wright which suggested that he had been drinking. Another Precast employee, the witness who described Wright's general appearance, breath and eyes as consistent with Wright's having had something to drink, also testified that in the past he had cleaned Precast's floors with "Speedy Dry." There is no way of knowing whether the jury's verdict is based in whole or in part, if at all, on the inadmissible statement in the hospital record. In these circumstances, we cannot view the error as harmless. See *Reed* v. *Canada Dry Corp.*, 5 Mass. App. Ct. 164, 166 (1977).

*Judgment reversed.*

*James B. Dolan, Jr.* (*Diane M. Swierczynski* with him) for the plaintiff.
*Molly J. Liskow* (*James P. Keane* with her) for the defendant.