COMMONWEALTH *vs.* JAMES J. SHINE.

No. 87-894.

Middlesex.    March 7, 1988. — April 13, 1988.

Present: GRANT, DREBEN, & WARNER, JJ.

*Evidence,* Relevancy and materiality, Corroborative evidence. *Motor Vehicle,* Homicide. *Proximate Cause. Practice, Criminal,* Instructions to jury.

At the trial of indictments charging vehicular homicide committed while operating negligently and under the influence of intoxicating liquor, and leaving the scene of an accident after causing injury to a person, there was no error in the judge's exclusion, on the Commonwealth's motion, of references in the hospital record of the pedestrian victim to the possibility that the decedent had been an alcoholic. [614-615]

At a criminal trial there was no error in the judge's admission in evidence of certain photographs offered by the Commonwealth, where the jury were given sufficient limiting instructions on their use of the evidence. [615]

There was no basis for a criminal defendant's claim on appeal that the judge's refusal to give certain requested instructions respecting proximate cause was error, where the judge had given the substance of the instructions requested. [615-617]

INDICTMENTS found and returned in the Superior Court Department on January 31, 1985.

The cases were tried before *Hiller B. Zobel,* J.

*Francis K. Morris* for the defendant.

*Wendy Murphy,* Assistant District Attorney, for the Commonwealth.

GRANT, J. The appeal is from the defendant's convictions on indictments charging him with a vehicular homicide committed while operating negligently[1] and under the influence of

[1] As returned by the grand jury, the indictment under § 24G(*a*) charged the defendant with reckless as well as negligent operation. The indictment was amended in advance of trial by deleting the allegation of reckless operation.

intoxicating liquor (G. L. c. 90, 24G[a], as amended through St. 1982, c. 376, § 1) and with leaving the scene of an accident after knowingly colliding with or otherwise causing injury to a person (G. L. c. 90, § 24[2][a], as appearing in St. 1975, c. 156, § 1).

There was no real dispute at trial that the decedent (Holmes) died as the result of injuries sustained by him at approximately 9:30 P.M. on August 18, 1983, when he was struck by the right-hand side of a pickup truck which the defendant was operating in a southerly direction along Route 3A (Boston Road) in Billerica. The testimony of the only eyewitness to the accident permitted a finding that the decedent had been attempting to hitch a ride in the direction the defendant was proceeding. The evidence was conflicting on the question whether the decedent had been standing or walking on the paved surface of the way at the moment of impact or had been on the soft shoulder lying westerly of the paved surface. There was ample evidence that the defendant was operating under the influence of intoxicating liquor as that concept was explicated in *Commonwealth* v. *Connolly*, 394 Mass. 169, 173 (1985). The principal dispute was whether the defendant's conduct was the proximate cause of the death.

Three questions have been argued before us.

1. Holmes was taken promptly from the scene of the accident to Lowell General Hospital, where he expired within a few hours. The "History" portion of the hospital record contained the following: "[P]robably is an alcoholic. He has an A.A. card and he did call the [hospital] looking for a bed on the alcoholic ward earlier today. He also has a card that he's a patient at the Mattapan Hospital which presumably is mostly for chronic alcoholics." That and other references to the possibility that the decedent had been an alcoholic were ordered deleted by the judge in response to the Commonwealth's pretrial motion in limine.[2] There was no error on this point. The possi-

---

[2] The hospital record as admitted in evidence contained in its "Chemistry" section an entry which read: "ETHANOL TOX 200 MG/DL) ‹10%." The jury were given no explanation of the meaning of the entry (contrast *Commonwealth* v. *Riley,* 22 Mass. App. Ct. 698, 699 n.1 [1986]), and we have no

bility that the decedent had been an alcoholic had no relevance on the question whether he was in fact intoxicated at the time of the accident (*Wright* v. *American Precast Concrete*, 19 Mass. App. Ct. 1014, 1015 [1985]), which is what the defense wanted to show. If the judge had a measure of discretion in the premises, he did not abuse it.

2. The defendant objected to the admission in evidence of photographs taken by the police which depicted tire tracks both on and off the paved surface of Boston Road in the vicinity of the accident. The objection was that the tracks had not been linked to the tires on the defendant's pickup.[3] The judge carefully explained to the jury that the tire marks had not been so linked and that this group of photographs was being admitted for the limited purpose of corroborating the testimony of the eyewitness as to the erratic course followed by the pickup which struck the decedent. There were similar objections to and like limitations placed on photographs of the scene which depicted an empty shoe not shown to have been worn by the decedent at the time of the accident.[4] The limitations on the use to which the two groups of photographs could be put were reiterated in one form or another no less than three times prior to the submission of the case to the jury, the last time being in the course of the charge. The point is devoid of merit.

3. The defendant complains of what he asserts were refusals to give his requests for instructions that "if the jury find[] that the deceased puts himself in the condition in which he harms himself, the defendant shall be held blameless" and that the "[d]efendant cannot be found guilty of homicide by motor vehicle if [the] victim's conduct was the sole cause of the accident." The defendant was entitled to a reasonable synthesis of the substance of those requests. *Commonwealth* v. *Campbell*,

---

idea whether they recognized ethanol as alcohol. The statutory presumptions set out in G. L. c. 90, § 24(1)(*e*), have no application except in prosecutions for operating under the influence. *Commonwealth* v. *Haley,* 23 Mass. App. Ct. 10, 15 n.9 (1986). It was not the decedent who was being prosecuted here.

[3] The pickup and the defendant were identified by other means.

[4] That shoe and what may have been its mate were excluded when offered in evidence.

394 Mass. 77, 87 (1985). *Commonwealth* v. *Haley*, 23 Mass. App. Ct. 10, 14-15 (1986). See also *Commonwealth* v. *Galuzzo*, *ante* 568, 571-572 (1988). The remaining question is whether the defendant received such a synthesis.

The judge, in preliminary instructions which he gave following the Commonwealth's opening and before the first witness was called, told the jury that the Commonwealth was required to prove that any negligence of the defendant which they might find was "a proximate cause of the decedent's death[5] . . . without the intervention of some other cause." Later (on the same page of the transcript) the judge instructed that "if . . . you conclude that there was no part that the defendant's negligence played in the . . . death, then the government will not have proved its case. I emphasize here that the defendant doesn't have to prove anything." In his charge the judge defined proximate cause in terms of a question as to whether the government had proved that the defendant's operation of the pickup was "a cause of Mr. Holmes' death without the interference of any other cause that completely wiped out the effect of the defendant's operation." Later (on the same page) the judge said, "[I]f . . . you are not persuaded that the defendant's negligence played any part [in the death] . . . you cannot find him guilty."

---

[5]The judge, at numerous points, used "*a* proximate cause" (emphasis supplied) rather than "*the* proximate cause." The word "proximate" is derived from the Latin word *proximus,* which is the superlative of *prope,* which means near. Webster's Third New Intl. Dictionary 1828 (1971). Just as there cannot be more than one "nearest cause," there cannot be more than one "proximate cause," with the result that those words take the definite article. The defendant notes the anomaly in his brief but does not pick up on it. We see it as a potential source of confusion which should be carefully avoided. Of course, it should be understood that there can be more than one cause which in the natural and continuous sequence produces the death and without which the death would not have occurred. See note 6, *infra.*

The defendant received the substance of what he requested. *Commonwealth* v. *Haley*, 23 Mass. App. Ct. at 15.[6]

*Judgments affirmed.*

---

[6] The words "negligence" and "proximate cause" as used in the vehicular homicide context have the same meanings as they have in tort law. *Commonwealth* v. *Berggren*, 398 Mass. 338, 340, 342 (1986). In *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29 (1984), which was cited with approval in the *Berggren* case on the "negligence" point, we approved a charge that may have been more favorable to the defendant than that to which he was entitled but (1) avoided the risks inherent in the use of the words "proximate cause" by speaking in terms of "a cause which in the natural and continuous sequence produced the death and without which the death would not have occurred" and (2) instructed that the defendant's negligence (or recklessness) "[must be] the efficient cause or the cause that necessarily set in operation all of the factors which ultimately caused the death." 19 Mass. App. Ct. at 37. If such instructions are given, problems such as the one considered in part 3 of this opinion will not arise.